## LEE GREEN v. THE STATE.

1. INSTRUCTIONS. *Exception. Waiver of error.*

The correctness of instructions for the State cannot be questioned in the Supreme Court on appeal, unless they are excepted to by the accused when given, or made a ground of objection in the motion for a new trial.

2. JURY. *Misconduct. Presumption. Verdict.*

Misconduct of jurors, which may prejudice the accused, is presumed to have this effect, and the burden is on the State to show the contrary ; but, if all the facts are known, and it is reasonably certain that the jurors' judgments are unaffected, the verdict should stand.

3. SAME. *Separation in capital case.*

Separation of a juror from his fellows in a capital case will cause a reversal, if no other fact is known, but if the proof is clear that he was not communicated with, the verdict will be upheld.

4. SAME. *Intoxicating liquor.*

If a juror drinks enough liquor to confuse or pervert his faculties, it is fatal to the finding ; but if he takes a little during a recess, before the evidence begins, and, all the facts being known, is plainly unaffected, the verdict is valid.

5. SAME. *Separation. Liquor.*

The fact that, after the jurors are sworn and before the evidence begins, one of them, with the bailiff in charge of the jury, takes a small drink in a public bar-room, one hundred yards from the court-room, is not fatal to a capital verdict, if it is proved that, although other persons were in the bar-room, no communication with the juror took place, and he is unaffected by the liquor.

6. SAME. *Exposure. Discharged bailiff.*

The fact that the bailiff, when discharged for such conduct, enters the jury-room and closes the door behind him, is no ground for reversal, if he goes only for his hat, is instantly recalled, speaks to no juror, and is spoken to by none.

7. SAME. *Jury room. Servant.*

The fact that a servant who brings dinner enters the jury-room to remove the dishes will not vitiate the verdict, if he is clearly proved to have neither communicated nor been communicated with.

8. SAME. *Separation.*

The fact that jurors go to the privy about forty yards from where the trial is progressing is no ground for reversal, if an officer accompanies them, and no person has access to them.

9. SAME. *Case in judgment.*

All the foregoing facts combined are insufficient to set aside a verdict condemning the accused to be hanged, if they are clearly proved to have occurred under the circumstances stated.

APPEAL from the Circuit Court of Sharkey County.

Hon. B. F. TRIMBLE, Judge.

The appellant, who, on Feb. 10, 1882, was indicted for murder, and afterwards was convicted and sentenced to be hanged, filed a transcript, into which all the instructions were

copied, with the mark "Given, S. F. Shelton, Clerk," upon each; but there was no bill of exceptions, save the one to the order overruling the motion for a new trial described in the opinion.

*H. C. Fairman*, for the appellant, argued orally and in writing.

A new trial should be granted, because the jurors were not kept together, and because the discharged bailiff entered the room and was alone with the jury. If the verdict may have been affected, it is void. It is not necessary that an attempt should be made to bias the jurors' minds. The door to tampering is to be closed. *Friar* v. *State*, 3 How. 422; *Hare* v. *State*, 4 How. 187; *Boles* v. *State*, 13 S. & M. 398; *Organ* v. *State*, 26 Miss. 78; *Riggs* v. *State*, 30 Miss. 635; *Woods* v. *State*, 43 Miss. 364. The juror who went into the bar-room may have been tampered with. He may have heard an opinion expressed. The State has not shown conclusively that such was not the result. While in the room, with the door closed, the discharged bailiff may have expressed an opinion about the case. Here is a second fact which raises the presumption of bias, and the State has again failed to meet it. What was this man's motive in this strange conduct? It was a violation of positive statute. Code 1880, § 1711. In a capital case like this, the true rule is that the State, which controls the jury, is responsible for their being kept together, and if they are exposed to outside influences, the verdict is void, whether actual injury was done or not. They should never separate, except in case of necessity, and then only in an officer's charge.

*T. M. Miller*, on the same side.

1. Although no evidence adduced at the trial is in the transcript, the instructions must cause a reversal, because they would be proper under no conceivable state of proof. The Supreme Court will reverse for such instructions, although it does not affirmatively appear that injury was done. *Josephine* v. *State*, 39 Miss. 613. The accused is, *prima facie*, prejudiced by an adverse charge which is erroneous, and it devolves on the State to rebut the presumption.

2. Jurors were exposed to such influences that a new trial should have been granted. *Woods* v. *State*, 43 Miss. 364. A

crowd in a bar-room near such a trial were talking. One mingling with the crowd would catch the drift of opinion, though he were watched, and he would take it the better if himself silent. Possibility of hanging a man upon a corrupt verdict should be excluded. Absolute purity and impartiality should be insured by the State in such cases.

*T. C. Catchings*, Attorney General, for the State.

No objection having been made to the instructions, they cannot be considered here. As to the jury, the presumptions that they may have been improperly influenced are overthrown by proof that they were not.

COOPER, J., delivered the opinion of the court.

The instructions given on the application of the State were not excepted to at the time they were given, nor were they made the ground of objection on the motion for a new trial. We are therefore precluded from an examination of that assignment of error in which their correctness is questioned.

No bill of exceptions embodying the evidence delivered on the trial was taken, but after conviction the appellant moved for a new trial, upon the ground of misconduct on the part of the jury, and because the jury was exposed during its deliberations to unlawful influences, which might have controlled or affected its verdict.

In support of this motion, the appellant introduced as a witness the district attorney, by whom he proved that after the jury had been selected and sworn, but before any testimony was offered, he saw one of the jurors, in company with the bailiff in charge of the jury, in a public bar-room situated one hundred yards from the court-room, where both the juror and the bailiff took a drink of spirituous liquor; that other persons were present in the bar-room at the time, but that he heard no one speak to the juror, nor did the juror in his hearing speak to any person. It was also proved that the court discharged this bailiff because of his conduct in the matter, and that after he had been discharged he went into the room where the jury was, and closed the door behind him. It was also proved that during the progress of the trial, some of the jurors, in charge of an officer, were permitted to leave the court-room and go to

the privy, which was located about forty yards from the court-house ; and that a servant who had brought the jury their dinners entered the jury-room to remove the dishes.   On the part of the State, it was shown, by the testimony of the bailiff who had accompanied the juror to the bar-room, that no one spoke to him while there, and that he spoke to no one ; that both he and the juror took one drink of whiskey.   He further stated that, after his discharge as bailiff, he went for a moment into the jury-room for his hat, but did not speak to the jury, nor did any member of the jury speak to him.   It was clearly shown by the officer who had charge of the jury that no conversation was had by the servant who had entered their room, and that no one had access to the jurors who left the room to go to the privy.   This officer also stated that he was sitting near the door of the jury-room when the discharged bailiff entered the room, and that he said nothing while in the room except to ask for his hat, and that he was immediately recalled by order of the court.

While we strongly condemn such breach of propriety and duty as the record shows the juror and the bailiff to have been guilty of in entering into the bar-room and partaking of intoxicating liquor, we think the evidence introduced by the State shows that no unlawful influence was put in force to control or direct the verdict of the jury.   It is not every act of misconduct on the part of jurors which will entitle a defendant to a new trial, but where such acts are shown, if they are of such character as may have prejudiced the defendant, the presumption is that they did, and it devolves upon the State to establish the fact that such result did not follow.   But where all the facts and circumstances are known, and it appears with reasonable certainty, that though there was exposure to influences which might have perverted or corrupted the judgment of the juror, it was not done, then the verdict ought to stand.

The separation of a juror from his fellows, under circumstances in which communication might be held with him, would, in a capital case at least, be fatal to the regularity of the proceedings, if no other fact was shown ; for, as he might have been tampered with, the law will presume that it was

done. If, however, it is clearly shown that in fact the juror was not communicated with, the presumption no longer exists, and the verdict will be upheld.

If a juror should partake of intoxicating liquors sufficiently to confuse his mental or pervert his moral faculties, such conduct would be fatal to the verdict; but where the quantity of liquor drank is known, and it is apparent that it did not unfit the juror for the performance of his duty, a new trial ought not to be granted. In this case, the liquor was drunk before any testimony had been given in the case, and evidently during a recess of the court, the quantity was small, and there is no suggestion that the juror exhibited any signs of its effects at the time, or after his return to his fellows.

While we feel a natural repugnance to affirm a judgment in a case of such magnitude as this, when a juror, forgetting or disregarding the solemn responsibilities of his office, has been guilty of so gross a breach of propriety, we think the facts shown render it so improbable that any injury could have been thereby done to the appellant, that we are constrained to affirm the judgment. *State* v. *Upton*, 20 Mo. 397; *Roman* v. *State*, 41 Wis. 312; *Westmoreland* v. *State*, 45 Ga. 225; *Thompson* v. *Commonwealth*, 8 Gratt. 637; *Pope* v. *State*, 36 Miss. 121; *Russell* v. *State*, 53 Miss. 367.

*Judgment affirmed.*