Perry v. Cottingham et al.

PERRY v. COTTINGHAM ET AL.

1. **Practice in Supreme Court**: QUESTION OF FACT: FINDING OF TRIAL COURT. This court will not interfere with the finding of the lower court on a question of fact, where there is a conflict of evidence.

2. ———: NEW TRIAL: DISCRETION OF TRIAL COURT RESPECTED. The granting and refusing of new trials is left very largely to the sound discretion of the trial courts; and an order granting or refusing a new trial will not be overruled by this court, unless it clearly appears that the trial court has abused its discretion.

*Appeal from Lucas Circuit Court.*

WEDNESDAY, MARCH 19.

THE defendants and others petitioned the board of supervisors of Lucas county for the establishment of a highway. After the commissioner who was appointed to examine into the expediency of establishing such highway had reported favorably to its establishment, the plaintiff filed a claim for damages, which he alleged he would sustain in consequence of the establishment of said road, and, being dissatisfied with the amount awarded him by the appraisers appointed by the county auditor to assess the damages, he appealed to the circuit court of the county. There was a trial by jury in the circuit court, and plaintiff's damages were assessed by the jury at $217.50.

The defendants moved for a new trial, on various grounds; one of the grounds alleged being the misconduct of one of the jurors during the trial. The court sustained the motion on this latter ground, and overruled it on all the other grounds alleged; and from the order granting a new trial plaintiff appeals.

*Mitchell & Penick*, for appellant.

*Dungan & Leech*, and *S. D. Wheeler*, for appellees.

REED, J.—As is shown by the bill of exceptions, "the mo-

tion for a new trial was sustained solely on the ground of misconduct of the juror, W. P. Willoughby, and solely as shown by the affidavit of J. H. Gowan on file."

Gowan swears, in the affidavit referred to, that he had a conversation with the juror, while the trial of the cause was in progress, in which the juror stated, in effect, that the attorney who was trying the cause for defendants had mismanaged the case, and that he was not fit to attend to such a case against the attorney who represented the plaintiff in the trial, and that plaintiff ought to recover the full amount claimed by him as damages.

The affidavit of the juror was also filed in the case, in which he denied positively that he ever made the statements detailed by the witness Gowan in his affidavit.

Plaintiff contends, *First*, that the circuit court was not warranted by the evidence in finding that the alleged misconduct of the juror was established, and, *Second*, that, if the juror was guilty of the misconduct charged, the same is not sufficiently prejudicial to impeach the verdict.

With reference to the first proposition, it must be admitted that the affirmation by Gowan, that the juror made the statements to him, is no more emphatic or positive than is the denial of the latter. Nor is there anything appearing in the affidavits from which we could determine that Gowan is a more credible witness than is Willoughby, so that, if we were charged with the duty of determining originally whether the juror made the statements attributed to him, we might not be able to determine from this evidence that he did make them. But that is not the character of the duty which we have to perform with reference to the question. The duty of determining originally whether the alleged misconduct of the juror was proven devolved on the circuit court. The evidence of one witness tends to prove the truth of the charge; that of the only other witness who gave testimony on the question tends to disprove it. The question of the comparative credi-

1. PRACTICE in supreme court: question of fact: finding of trial court.

bility of these two witnesses was involved. The circuit court evidently determined that one was worthy of belief rather than the other. We are certainly in no better position to determine the question correctly than was the circuit court, and consequently we cannot say that its determination of it is erroneous. The case in this respect is within the rule which this court has uniformly followed; viz., that we will not interfere with the finding of the lower court on a question of fact, when there is a conflict of evidence.

Having determined that we ought not to disturb the order of the circuit court on the first ground urged, it remains to be determined whether the misconduct of the juror was such as to warrant the circuit court in setting aside the verdict. One of the statutory grounds for setting aside the verdict is misconduct of the jury, materially affecting the substantial rights of the party aggrieved. Section 2837, Code 1873.

2. ——: new trial: discretion of trial court.

The question whether the verdict ought to be set aside in any case on this or similar grounds is left very largely to the sound discretion of the trial court. The judge who tries the case is necessarily in a much better position to determine whether the substantial rights of the parties have been affected by the misconduct complained of than we can be; and when he has determined that justice and the proper administration of the law demand that there should be another trial of the cause, it should be made to appear very clearly that there has been an abuse of discretion, before we would be warranted in setting aside his order.

If the judge who tried this case was satisfied (as he probably was) that the juror, during the progress of the trial, entered into a discussion of the merits of the case with another party, and that he made up his mind, upon hearing the evidence introduced in support of the claim of one of the parties, that that party was in the right and that, from that time on during the trial, his mind was in no condition to fairly hear or consider what might be offered in evidence, or by way of

· argument, in support of the claim of the other party, and was further satisfied that the rights of the party were prejudiced by the conduct of the juror, it was clearly his duty to set aside the verdict and grant a new trial. But, without considering further the reasons which may have influenced the court to sustain the motion and grant a new trial, it is sufficient to say that there is no such apparent abuse of discretion as would warrant us in reversing the order.

AFFIRMED.