M. T. V. Bowman v. The Western Fur Manufacturing
Company, *et al.*, Appellant.

**Practice:** PLEA AND PROOF. A general denial of an allegation that
an attachment was maliciously sued out, allows it to be shown
that the attachment plaintiff was advised by his attorney that the
writ was authorized after he had stated the facts within his knowl-
edge to the attorney.

**Misconduct.** The fact that two jurors examined the entrance to a
building from which defendant claimed certain goods were stolen
will not warrant new trial where there was no controversy as to
the appearance of the entrance or its approaches.

**Exceptions:** CUSTOMS. The statutory authority requiring that excep-
tions must be taken and appear of record is not dispensed with
because it is the uniform practice in a given county to consider
exceptions to instructions taken without having them show of
record.

**Evidence.** Portions of a city directory which show the business con-
nections of an attachment defendant are admissible in connection
with other evidence, to show the facts upon which the plaintiff
acted in suing out the writ.

**Practice in Supreme Court.** When it appears by an undenied amend-
ment that all the evidence is not up, the verdict will be presumed
to be warranted by the evidence.

**Additional Abstract.** Appellee filed an additional abstract of seven
pages before appellant argued. After said argument he filed an
amendment of nineteen pages asserting for the first time that all
the evidence was not up. *Held*, while the amendment will not be
stricken no costs for it will be allowed.

*Appeal from Polk District Court.*—Hon. S. F. Balliet,
Judge.

Wednesday, October 23, 1895.

Action at law to recover the value of a mink dol-
man. There was a trial by jury, and a verdict and
judgment for the plaintiff. The defendants appeal.—
*Affirmed.*

*Park & Odell* for appellant.

*J. K. Macomber* and *Guernsey & Baily* for appellee.

Robinson J.—During the latter part of the year 1891 the defendant H. J. Gutman was doing business in Des Moines under the name of "Western Fur Manufacturing Company." Both he and the company are named as parties defendant. In October, 1891, the plaintiff delivered to the defendants for keeping and sale a mink dolman, a mink cap, and a mink muff. About the middle of the next month the dolman disappeared and neither that nor the other articles were produced on the demand of the plaintiff. This action was commenced to recover the value of all of the articles, but some time after it was commenced the cap and muff were surrendered to the plaintiff, and the dolman alone is now in controversy. The plaintiff claims that the defendants agreed to keep the dolman and other articles safely until called for by him, or until sold, and that they were to receive ten per cent. of the amount of the sale, in case one were made, as compensation for keeping and selling the property. The plaintiff claims further that, if the dolman was stolen, it was because of the negligence of the defendants. The action was aided by an attachment, which was issued on the grounds that the defendants had disposed of their property in part, with intent to defraud their creditors, and that they had property which they concealed. The writ of attachment was levied upon personal property constituting a part or all of the stock in trade of the defendants, and a bank was garnished by virtue of it. The defendants claim that the furs were left with them to be kept without reward, but that, in case a sale was made, they were to receive compensation for it; that the plaintiff insisted upon their placing the dolman in their show

window, which was done; and that it was stolen there-from without negligence on their part. They seek in a counterclaim to recover damages alleged to have been caused by the wrongful and malicious suing out of the writ.

I.  The plaintiff was permitted to show that he had stated the facts within his knowledge in regard to the acts and purposes of the defendants to his attorney before suing out the writ of attachment, and that the attorney had advised him that the facts stated authorized the plaintiff to sue out the writ. The defendants contend that this evidence was erroneously admitted, because the reply to the counterclaim does not admit that the defendants were damaged, nor plead in mitigation that the plaintiff acted on the advice of an attorney in applying for the writ. Section 2682 of the Code is relied upon in support of this claim. That provides that: "In any action brought to recover damages for injury to person, character or property, the defendant may set forth in a distinct division of his answer any facts of which evidence is legally admissible to mitigate or otherwise reduce the damages, whether a complete defense or justification be pleaded or not, and he may give in evidence the mitigating circumstances whether he prove the defense or justification or not, and no mitigating circumstances shall be proved unless plead except such as are shown by or grow out of, the testimony introduced by the adverse party. *  *  *" It is insisted by the appellants that the fact that the plaintiff acted upon the advice of counsel was a mitigating circumstance, which should have been pleaded. But it was not shown as a mitigating circumstance, within the meaning of the section quoted. Section 2961 of the Code, in regard to attachments, provides that if in an action on the bond it be shown that the attachment was sued out maliciously, the plaintiff

therein may recover exemplary damages. The defend-ants aver in their counterclaim that the allegations of the petition on which the attachment was issued were made with malice, for the purpose of procuring the writ, and to injure the defendants, and that they were injured by them. The defendants therefore allege grounds for the recovery of exemplary damages. The reply contains a general denial, and that is a denial of the allegations of malice. To sustain the issue thus formed, evidence was offered for the defendants, and it was competent for the plaintiff to offer any com-petent proof of the absence of malice on his part in suing out the writ. It was wholly unnecessary for him to admit that the attachment was wrongfully sued out, or that damages had been sustained by the defendants in consequence of it. The evidence in question was offered not in mitigation of a wrong admitted, but to defeat an alleged ground of recovery which was fully denied.

II.    The appellants complain of the ruling of the court in admitting in evidence portions of the Des Moines City Directory for the year 1891, which reads as follows: "Gutman, H. & Co. Harry J. and A. L. Gutman, hides, pelts, furs, &c. 211 West 3rd." "Gut-man, Harry J. (H. Gutman & Co.) and Supt. Western Fur Manufacturing Co. r 823 W 8th." The ground of objection is that the defendant had denied having authorized the entries, or being in any manner responsible for them. The evidence in question was offered to show in part the information on which the plaintiff acted in suing out the attach-ment. He had consulted the directory, and had seen the items offered in evidence, before this action was commenced, and also a notice of the dissolution of the firm of H. Gutman & Co., signed by the defend-ant and another, and published a day or two after the dolman is alleged to have been stolen. The plaintiff

also had some reason to believe that the dolman was not in fact stolen; that improper use had been made of it; and that the stock in trade of the defendant was disappearing more rapidly than it would have done in the ordinary course of business. The defendant Gutman admitted that he had been a member of the firm of H. Gutman & Co. prior to its dissolution. It appears that all the statements contained in the items from the directory admitted in evidence are shown to be true by the testimony of the defendants. There is no controversy in regard to their truth, and no prejudice could have resulted had they been improperly admitted in evidence; but we think they were admissible in connection with other evidence to show the facts on which the plaintiff acted in suing out the attachment.

III. Complaint is made of the conduct of two members of the jury, which is set out in the motion for a new trial in words as follows: "Two of the jurors did not follow the instructions of the court, and without the order, direction or leave of the court sought out the premises in which the property was left by the plaintiff set out in his petition, and at the time occupied by the defendants, and examined the same and the rear entrance thereto. The said jurors sought out the said premises independently of the other said jurors, and not in a body as a jury, nor under the charge of an officer, and were not shown the said premises by a person appointed for that purpose." These statements were verified. The instruction of the court violated is not shown, but we may presume that it was the one required to be given when the jury are permitted to separate during the trial. That instruction is to the effect that it is the duty of each juror not to converse with any juror or any other person, nor suffer himself to be addressed by any other

person, on the subject of the trial, and, as far as pos·
sible to avoid forming an opinion thereon until the
final submission of the cause. Code, section 2792. It is
not shown that there was any violation of this require-
ment of the law, but it seems to be the thought of
the appellants that what the jurors did was a violation
of section 2790 of the Code. That provides that:
"Whenever in the opinion of the court it is proper for
the jury to have a view of the real property which is
the subject of controversy, or of the place in which
any material fact occurred, it may order them to be
conducted in a body under the charge of an officer, to
the place which shall be shown to them by some
person appointed by the court for that purpose." It
was claimed by the appellant that the dolman was
stolen by some one who entered the storeroom
from the rear end. There was no controversy
as to the appearance of that entrance or its
approaches, and it does not seem to us at all prob-
able that prejudice could have resulted to any one
from the inspection of the premises made by the
jurors. What they did was not in violation of any
express provision of the law, and, unless it was preju-
dicial to the defendants, it is not sufficient ground for
a new trial. The district court was able to determine
much more intelligently than we can the effect of the
acts of the jurors, and necessarily found that they
were without prejudice. There is nothing in the record
to show that the conclusion thus reached is incorrect.
A new trial is granted for the misconduct of the jury
when it affects materially the substantial rights of
the applicant for it. Code, section 2837; *Perry v. Cot-
tingham*, 63 Iowa, 43 (18 N. W. Rep. 680); *Brant v.
City of Lyons*, 60 Iowa, 175 (14 N. W. Rep. 227); *Lang-
worthy v. Myers*, 4 Iowa, 22; *Miller v. Root*, 77 Iowa,
549 (42 N. W. Rep. 502). We conclude that a new trial
should not be granted on the grounds urged.

IV. The appellants contend that the court erred in refusing to give certain instructions asked by them, and in giving certain portions of the charge. The answer to this part of their argument is that the record does not show that any exceptions were taken to the action of the court in regard to its charge and the instruction refused. It is said to have been the uniform practice in the courts of Polk county for many years to consider that exceptions are taken to the instructions of the court without having them show of record. Such a practice, if it exists, cannot affect the determination of this case. The statute provides for the taking of exceptions, and for making them appear of record, and we cannot dispense with those requirements. Whether, under a general practice to have the ruling of the court in giving and refusing instructions regarded as excepted to at the time of ruling, and to have the record thereafter made show exceptions duly taken, the trial court might be authorized to make the record conform to the general practice, is a question not properly before us, and not determined.

V. It is insisted that the evidence shows clearly that the dolman was lost by means of a burglary committed without fault on the part of the defendants, and that they should not be held liable in this action. We do not think this claim is sustained by the record. That shows that the jury were authorized to find that the agreement under which the dolman was received by the defendants was for the mutual benefit of the parties to the agreement, and that the defendants were required to exercise at least ordinary care to keep it safely (*Chamberlain v. Cobb*, 32 Iowa, 161; 2 Am. & Eng. Enc. Law, 54); that the defendants represented that they had a safe place for the storage of the property, and agreed to keep it safely; that they were not required to keep it in the show window as claimed by

them, and that it was lost in consequence of their negligence. There is also sufficient evidence to justify the issuing of the attachment. But, if this were not so, and the record failed to show that the verdict is sustained by the evidence, we could not reverse the judgment on that ground, for the reason that the appellee, in an additional abstract, not denied, has alleged that the several abstracts, taken together do not contain all the evidence upon which the case was heard and determined. In this condition of the record we would presume, if necessary, that the verdict and judgment were fully authorized by the evidence actually submitted. *Goode v. Stearns*, 82 Iowa, 710 (47 N. W. Rep. 893). We have carefully examined each question discussed by the appellants, but without finding any reason for disturbing the judgment of the district court.

VI. The appellants have filed a motion to strike from the files an amendment to the additional abstract filed by the appellee on the ground that it is not authorized by the rules governing the practice in this court, and that it was not filed in due time. The abstract of the appellants was served on the sixteenth day of May, 1894, and the additional abstract of the appellees six weeks later. The argument of the appellants was served on the twenty-second day of January, 1895. On the tenth day of May next following, the appellee served the amendment to his additional abstract which is assailed by the motion. In that amendment the claim was made for the first time that the various abstracts did not show all the evidence on which the case was heard and determined. It also set out a part of the bill of exceptions, and showed that no exceptions were taken to the rulings on instructions and to the charge. The failure to call attention to the matters thus shown by the bill of exceptions until the service of the amendment to the additional

abstract is not material, for the reason that the abstract of the appellant did not show exceptions to the refusal to give instructions asked, nor to the charge, but the failure of the appellee to claim that the evidence submitted on the trial was not set out in the record in this court may have misled the defendants in preparing their argument. Until the denial of the appellee, the abstract of the appellants was sufficient to justify the conclusion that it contained all the evidence submitted on the trial. It is not our practice to strike from the files additional abstracts because not filed within the time required by the rules, although we should not hesitate to do so in a case where justice seemed to demand it. Amendments to abstracts are frequently filed to cover omissions, and are usually considered. *Palo Alto Co. v. Harrison,* 68 Iowa, 84 (26 N. W. Rep. 616). But reasonable diligence should be used to set out in the additional abstract all material matter omitted from the abstract, and to avoid the necessity for amendments. The additional abstract in this case contains about seven pages. The amendment thereto contains nineteen. No sufficient cause is shown for the failure to incorporate in the additional abstract, when prepared and served at first, all the matter set out in the amendment, and as the failure to so incorporate it, and to show the defects upon which the appellee relies, was of a nature to mislead the appellants, costs for the amendment will not be allowed against the appellants. The motion to strike is, however, overruled. The judgment of the district court is *affirmed.*