STATE V. ANDRE.

1. That one of the jurors in a prosecution for homicide had imbibed an undisclosed quantity of whisky on two occasions just before being called and accepted as a juror to try the cause, but there was nothing to indicate that he became intoxicated, or drank anything spirituous thereafter, was not sufficient to invalidate a conviction, and authorize the granting of a new trial.

2. Affidavits of jurors for the purpose of impeaching the verdict in a criminal case are inadmissible on a motion for new trial.

3. Where an affidavit stated that a juror had some time prior to the trial shown a friendly interest in one who had been indicted for the offense with which defendant stood charged, and had solicited aid in the procurement of counsel for him, the trial court's refusal to grant a new trial thereon showed no abuse of discretion.

(Opinion filed December 31, 1900.)

Error to circuit court, Codington County, Hon. JULIAN BENNETT, Judge.

Michael Andre was convicted of murder, and he brings error. Affirmed.

The facts are stated in the opinion.

*H. G. Hundredmark* and *I. W. Goodner,* for plaintiff.

When it appears that intoxicating liquors have been introduced into the jury room, there is a presumption that the jury were improperly influenced thereby, and a new trial should be granted. Pope v. State, 36 Miss. 121; Jones v. State, 13 Tex. 181; Hopkins v. Knapp & Spaulding Co., 60 N. W. 620; State v. Jones, 7 Neb. 408.

Subdivision 2 of section 5088, Compiled Laws, is as follows:

"Misconduct of the Jury. And when any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

We contend that this affidavit of this juror is not within the general rule contemplated under the above statute, for the reason that it is not offered to show mistake, undue influence, coercion, misrepresentation, or any of the matters and things contemplated by said statute, but is offered for the purpose of showing the misconduct of certain jurors, by taking in and drinking large quantities of intoxicating liquors in and about the jury room during the deliberations upon their verdict in this case, and it is addressed to the discretion of the court to say whether such misconduct of the jury is sufficient cause to warrant the court in granting a new trial or not. Thomas v. Chapman, 45 Barb. 96; McBean v. State, 53 N. W. 479.

*John L. Pyle,* Attorney General, *A. E. Taylor* and *C. X. Seward,* States Attorney, for the state.

Affidavits of jurors will not be received to impeach their verdicts, unless authorized by statute, and only then upon the grounds, and in the manner, permitted by the statute. Murphy v. Murphy, 1 S. D. 316; 47 N. W. 142; Gaines v. White, 1 S. D. 434, 47 N. W. 524.

As to misconduct of the jury, affidavits of jurors will not be received to impeach their verdicts.

Murphy v. Murphy, ANTE 316.

FULLER, P. J. Plaintiff in error, being convicted in the court below of the crime of murder, based a motion for a new trial on affidavits alleging prejudice and misconduct of the jury in the use of intoxicating liquors during the progress of the trial, and the denial of such motion constitutes his sole ground for complaint. This case not coming within the exception expressly authorized by the legislature, an affidavit made by one of the jurors for the purpose of impeaching his verdict, can receive no consideration. Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142, 9 L. R. A. 820; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Thompson v. Gunderson, 10 S. D. 42, 71 N. W. 764; Long v. Collens, 12 S. D. 621, 82 N. W. 95. It was shown by competent testimony that Elmer H. Bishop imbibed an undisclosed quantity of whiskey upon two occasions just before being called and accepted as a juror to try the cause, but there is nothing to indicate intoxication, or that he drank anything spirituous thereafter. A motion for a new trial for alleged misconduct of the jury, or any other ground specified by statute, being addressed to the sound discretion of the trial judge, whose superior knowledge of all the facts and circumstances enables him to know the requirements of justice, a reviewing court will never interfere, unless an abuse of such discretion affirmatively appears. Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Daley v. Forsythe, 10 S. D. 464, 74 N. W. 201;

Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Omaha Fair and Exposition Association v. Missouri & Pacific Railway Co., 42 Neb. 105, 60 N. W. 330. Although it is clear that the use of any intoxicating liquor by a juror while in the discharge of his duty is irregular, and reprehensible, unless prescribed by a physician in a moderate quantity for a medical purpose, and with the knowledge and consent of the court, the mere drinking of such liquor by a person who immediately thereafter is selected as a juror to try a person charged with a capital offense is not, in and of itself, sufficient to set aside a conviction. So far as we are able to learn from an examination of the cases, no authority, ancient or modern, has gone to such an extreme, and the old doctrine that the drinking of intoxicants by jurors while acting as such is, in the absence of a showing of any incapacity, sufficient ground for setting aside their verdict, has been quite generally repudiated. 12 Enc. Pl. & Prac. 626; Perry v. Bailey, 12 Kan. 539; State v. Bruce, 48 Iowa, 530; Pratt v. State, 56 Ind. 179; State v. Harregan, 9 Houst, 369, 31 Atl. 1052; State v. Reed (Idaho) 35 Pac. 706; Green v. State, 59 Miss. 501. Had some party in interest provided the whisky, or the drinking occurred during the progress of the trial or after the case was submitted to the jury for final determination, the question whether the juror was thereby to any extent rendered incapable of impartially exercising cool ,sober, and deliberate judgment would be one of almost tremendous importance, not only to us, but to the accused, sentenced to lifelong imprisonment.

The claim that this same juror had some time prior to the trial shown a friendly interest in Louis Montroy, indicted for the offense with which plaintiff in error stood charged, and had solicited aid in the procurement of counsel, is urged as a further ground for disturbing the verdict, but the affidavit relied upon is not sufficient to raise

a presumption of prejudice, and the ruling of the court thereon shows no abuse of discretion. The record discloses nothing to justify a reversal and the order overruling the motion for a new trial is affirmed.