HUGH H. HUNTER, Appellee, v. HENRY DAVIS, Appellant.

**Sales:** SUBMISSION OF ISSUES: HARMLESS ERROR. Where the court
1  instructed, under a claim of absolute sale, that if the jury found that defendant received from plaintiff certain horses to be cared for and· when sold he should pay plaintiff a stipulated price per head then plaintiff would be entitled to recover, otherwise the verdict should be for defendant, the error in failing to submit defendant's counterclaim of charges for keeping and sale under a claim that the horses were received for sale on commission, and in refusing evidence in support thereof, was harmless in view of the verdict for plaintiff.

**Sale by agent:** LIABILITY FOR LOSS. One who receives property to
2  be sold by him as agent, is not liable· for its loss before sale in the absence of a showing of negligence on his part.

**Evidence:** ADMISSIBILITY. Where there is nothing on the face of
3  the record to indicate that a witness is expressing an opinion rather than stating a fact, the evidence is admissible.

**Same.** Evidence as to the cost to plaintiff of the horses was im-
4  material on an issue as to whether defendant was to pay plaintiff a stated price per head for them, or was to sell them on commission and account for the proceeds, but its admission under a statement of the court that it was immaterial was without prejudice.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

THURSDAY, MAY 4, 1905.

ACTION to recover the purchase price of certain horses. Defendant denied that he purchased the animals, and pleaded that they were sent him for sale on commission. He also pleaded other matters, which, so far as material, will be referred to in the body of the opinion. The case was tried to a jury, resulting in a verdict and judgment for the plaintiff, and defendant appeals.— *Conditionally affirmed.*

*F. L. Anderson* and *M. W. Courtney,* for appellant.

*W. H. Smith* and *Dawley, Hubbard & Wheeler,* for appellee.

DEEMER, J.— I.   Plaintiff claims that he sold and delivered to the defendant twenty-four head of horses at the agreed price of $50 per head. This defendant denied. He further pleaded that the horses were consigned to him for sale on commission, to be sold for the best price possible, and that he was to account to the plaintiff for the net proceeds after deducting all expenses. He also averred in his answer that of the twenty-four horses shipped to him by plaintiff, two died, two were yet in his possession, unsold, and the remainder were sold for $795. He also pleaded that his expenses in connection with the keeping and sale of the horses were $603.90, which amount he asked to be offset against the gross amount received.

The trial court did not submit defendant's theory of the case to the jury, but did instruct as follows:   " (4) If you

1. SALES: submission of issues; harmless error.

are satisfied from the evidence that in September, 1902, defendant received from the plaintiff twenty-four head of horses, and you further find that the defendant received the horses, and agreed

to feed, care for and sell the same, and pay plaintiff in the fall of that year $50 per head therefor to plaintiff, then you will be warranted in finding for plaintiff a verdict for the sum of $1,200, with 6 per cent. interest thereon from May 1, 1903. If you fail to so find from said evidence, your verdict should be for the defendant." Failure to submit defendant's offset or counterclaim to the jury, and a denial by the court of his right to prove the matters of expense connected with the sale of the horses, is relied upon as error for which there should be a reversal.

Under the issues, defendant should, of course, have been permitted to introduce evidence in support of his defense; and the trial court, after the receipt of such evidence, should have instructed the jury with reference thereto. But the error in sustaining the objections to the testimony was cured by the verdict of the jury, and the failure to submit the issue tendered by the answer is not a matter of which the defendant may justly complain, for the error was not prejudicial to him. It will be noticed that the instruction placed the burden upon plaintiff of establishing his claim, and then said that, if plaintiff failed in so doing, the verdict should be for the defendant. This relieved the defendant of proving any of the affirmative matter pleaded in answer, and, of course, was not prejudicial to him. Plaintiff alone, as it seems to us, has ground for objection to the instruction. As the jury found that there was such a contract as plaintiff relies upon, the rejection of testimony tending to show an offset in defendant's favor, based upon another theory, was without prejudice. *Rosenberger v. Marsh,* 108 Iowa, 47; *Mayne v. Bank,* 80 Iowa, 711; *Robinson v. Keith,* 25 Iowa, 321.

II. A witness testified that defendant " acknowledged that he took the horses at a valuation of $50 per head."

3. EVIDENCE: admissibility. Defendant moved to strike this as a conclusion and opinion of the witness. Manifestly the witness used the word " acknowledged " as the equivalent of

" stated " or " said," and in this aspect there was no error in denying the motion. Surely there is nothing on the face of the record to indicate that the witness was giving an opinion rather than stating a fact.

III.   Defendant asked an instruction to the effect that, if the two horses which died were lost without any fault on his part, then plaintiff could not recover therefor. This was

2. SALE BY AGENT: liability for loss.

refused, and nothing like it was given. In view of plaintiff's testimony as to the nature of the contract between him and the defendant, we think the defendant was not liable for the horses which died, in the absence of a showing of some negligence on his part; and, as this was neither pleaded nor proved, the instruction in question should have been given. From the testimony it appears that the risk of death was upon the plaintiff, for defendant was to sell them as plaintiff's agent. *Bowman v. Fur Mfg. Co.,* 96 Iowa, 194; *Norton v. Melick,* 97 Iowa, 565.

IV.   Over defendant's objections, plaintiff was permitted to show what he paid for the horses, which was something in the neighborhood of $40 per head. Thereafter de-

4. SAME.

fendant moved to strike this testimony. In response to the motion the court said: " Since it is in the record, it may stand; and you [meaning defendant] may be allowed to prove their worth, but I say frankly I don't think it is material." The second thought of the court was undoubtedly the better one. The testimony was not material, but we are satisfied that no prejudice resulted from its admission. The court, in effect, told the jury that it was not material, although he allowed it to stay in the record. As applied to this controversy, we do not see how it operated in any manner to the defendant's prejudice. A showing with reference to the value of the property would have no tendency to disprove the defendant's claim that he was to handle them on commission, and account for the net proceeds thereof. Nor would the fact that they cost $40 per

head tend to show that the defendant was to pay $50 net for them. If it had any bearing on either proposition, then it was material, and no error was committed. If it had no bearing on either, then the admission of the testimony, in view of the statement made by the court with reference thereto, was without prejudice to the defendant. As already intimated, we do not see how the testimony could have been used so as to prejudice defendant's case. If the horses had cost $100 per head, this would have no bearing upon the question as to whether he was to sell them on a commission and account for the net proceeds.

V. The error in refusing the instruction with reference to the two horses which died, plaintiff offers to cure through a remittitur of $100 with interest. This being filed within thirty days from the announcement of this opinion, the judgment will be affirmed. If the remittitur is not so filed, the judgment will be reversed. If filed, plaintiff will pay one-fifth of the costs of this appeal, and the defendant four-fifths. If the case shall finally stand as reversed, plaintiff will pay all costs of this appeal.— *Affirmed on conditions.*