## STATE OF NORTH DAKOTA v. GEORGE ROBIDOU.

(128 N. W. 1124.)

**Criminal Law — Misconduct of a Juror — New Trial — Discretion of Court.**

An order refusing a new trial sought for alleged misconduct of a juror will not generally be disturbed, unless the trial court appears to have abused its discretion.

Opinion filed November 25, 1910.

Appeal from District Court, Burleigh county; *Honorable W. H. Winchester, J.*

Action by the State of North Dakota against George Robidou. From an order denying defendant's motion for a new trial, defendant appeals.

Affirmed.

*F. H. Register,* for appellant.

Accepting a juror who conceals his unfitness is no waiver. State v. Stockman, 9 Kan. App. 422, 58 Pac. 1032; Heasley v. Nichols, 38 Wash. 485, 80 Pac. 769; Moody v. Pearce, 7 J. J. Marsh. 221.

If prejudice might have resulted from juror's misconduct, it is presumed, and a new trial should be granted. Monroe v. State, 5 Ga. 140; Myers v. State, 97 Ga. 94, 25 S. E. 252; 2 Thomp. Trials, § 2617; Thompson v. State, 26 Ark. 323; Pope v. State, 36 Miss. 121; Davis v. State, 35 Ind. 496, 9 Am. Rep. 760; Westmoreland v. State, 45 Ga. 225; Madden v. State, 1 Kan. 340; People v. Turner, 39 Cal. 370; State v. Prescott, 7 N. H. 288; Folsom v. Manchester, 11 Cush. 334; Woodward v. Leavitt, 107 Mass. 453, 9 Am. Rep. 49; Clack v.

Kansas City Electrical Wire Subway Co. 138 Mo. App. 205, 119 S. W. 1014.

*Andrew Miller,* Attorney General, and *Alfred Zuger* and *C. L. Young,* Assistant Attorneys General, for respondent.

The grant of a new trial for a juror's misconduct is largely in the sound judicial discretion of the trial judge, to be disturbed only for abuse. State v. McDonald, 16 S. D. 78, 91 N. W. 447; State v. Andre, 14 S. D. 215, 84 N. W. 783; State v. Taylor, 134 Mo. 161, 35 S. W. 92; State v. Cucuel, 31 N. J. L. 249; Com. v. White, 147 Mass. 79, 16 N. E. 707; Bird v. State, 18 Fla. 498; Borland v. Barrett, 76 Va. 138, 44 Am. Rep. 152; People v. Johnson, 110 N. Y. 144, 17 N. E. 684; State v. Salverson, 87 Minn. 50, 91 N. W. 1, 12 Am. Crim. Rep. 644.

The discretion was not abused. Perry v. Cottingham, 63 Iowa, 41, 18 N. W. 680; 12 Enc. Pl. & Pr. p. 563; McAllister v. Sibley, 25 Me. 474; State v. Craig, 78 Iowa, 642, 43 N. W. 462; Pettibone v. Phelps, 13 Conn. 445, 35 Am. Dec. 90; State v. Allen, 89 Iowa, 51, 56 N. W. 261; Com. v. Sallager, 3 Clark (Pa.) 127; State v. Baughman, 111 Iowa, 75, 82 N. W. 452; Barlow v. State, 2 Blackf. 116; Jordan v. State, 22 Fla. 532; State v. Gould, 40 Kan. 265, 19 Pac. 739; Crawford v. Com. 18 Ky. L. Rep. 16, 35 S. W. 114; 12 Cyc. Law & Proc. pp. 718–720, and notes; 12 Enc. Pl. & Pr. pp. 561–563 and notes; People v. Johnson, 110 N. Y. 144, 17 N. E. 684; People v. Boggs, 20 Cal. 436; State v. Cucuel, 31 N. J. L. 262; 2 Thomp. Trials, § 2553.

CARMODY, J. Appellant was, on the 25th day of May, 1910, convicted by a jury in the district court of Burleigh county of keeping and maintaining a common nuisance, in violation of § 9373, Rev. Codes 1905. One James R. Falconer was accepted as a juror after an examination as to his qualification by both parties. On the 31st day of May, one William J. Empting made an affidavit that he was well acquainted with the juror Falconer; that, after said Falconer had been accepted as a trial juror, he accosted affiant on or about noon of the 24th day of May, and stated that he, said Falconer, had to get off this jury as his hired man had been hurt, and then requested affiant to see said defendant and tell him to let the said Falconer off the jury, and if he, said defendant, did not, he, the said Falconer, would con-

vict him, the said defendant. That affiant did not, on said 24th day
of May, communicate the statements of said Falconer to said defend-
ant, but sent word of said statements to the defendant. Defendant, on
the 3d day of June, 1910, made an affidavit, stating that neither Wil-
liam J. Empting nor any other person communicated to him, defendant,.
the statements of the juror Falconer until after he was convicted in
said action, and that he, said defendant, had no knowledge of the state-
ments made by the juror Falconer, until after the trial of the action,.
and had he known that the juror Falconer had stated that he would
convict defendant if he, said Falconer, was not let off the trial jury
in said action, defendant would have gladly consented to the excuse
of the said Falconer as a trial juror in said action. The juror Fal-
coner made an affidavit, in which he states that after he had been ac-
cepted and qualified as a juror, he told the said William J. Empting
that he, Empting, should say to the defendant that he, the defendant,
had better excuse the juror Falconer from said jury because he, Fal-
coner, would probably be against him, and states in explanation of
said conversation that the said Falconer and the said Empting were ac-
quaintances of long and intimate standing, and that the statement re-
ferred to on the part of affiant was made in a jocular manner and not
seriously intended, and not intended to be seriously understood by the
said Empting, and that the manner of Falconer's speech and the cir-
cumstances of the conversation were such that the said Empting knew
and understood that the statement was made by the juror in a jocular
manner, and not seriously intended, and that the said Empting so un-
derstood the same, and that both the affiant and the said Empting so
understood the matter. Juror Falconer further states that he had no
prejudice against the defendant at that time, or at any other time dur-
ing the trial of said case, and was not influenced by any prejudice
against him, and states that he took no affront at not being excused
from said jury by the defendant; and avers that he was not at that
time, or at any time during the trial of the case, in any manner in-
fluenced in his deliberations or in his verdict by his conversation with
the said Empting, or by any other influence, except the evidence intro-
duced in the case and the instructions given him by the court, and that
he based his verdict solely upon such evidence and such instructions.

On the 2d day of August, Empting made an affidavit in rebuttal,

in which he denied that the conversation by the juror Falconer was to the effect or in the words stated in the affidavit of said Falconer, and averred that Falconer stated in positive language and without qualification that he, Falconer, had to get off the jury as his hired man had been hurt, and that unless the defendant let Falconer off said jury, he, Falconer, would convict the defendant, and as part of such conversation Falconer requested Empting to so state and notify the defendant; that at the time of and during such conversation Falconer was serious and seemed very desirous of being excused from said jury; that such conversation of Falconer did not partake in any degree of any levity, joking, or jesting, but was carried on by him in a serious and earnest manner; that the manner of Falconer impressed Empting with the belief at the time of said conversation, and Empting in truth understood therefrom that, unless the defendant excused Falconer from said jury, Falconer would convict defendant, and acting under this belief, Empting sent word of the said conversation to the defendant; that Empting did not understand the said conversation or any part of it in any jocular way, but as seriously intended as spoken, and Empting believed, from the said conversation and the earnest manner and seriousness during it, that Falconer meant and intended to convict the defendant if he did not excuse him, Falconer, from the jury.

It also appears from the statement of the case that on the 26th day of May, 1910, William J. Empting, who made the affidavit, was tried in the same court for a like offense, and that the juror Falconer, after an examination both by the state and Empting, was accepted as a juror. On these affidavits, and on the examination of the juror Falconer as to his qualifications in the case at bar, and in the case of State v. Empting, 21 N. D. —, 128 N. W. 1119, a motion for a new trial was made by the defendant and denied, from which order defendant appeals to this court.

The only error relied upon by the appellant is the denial of his motion for a new trial.

It is now well established by the modern authorities that every instance of misconduct in a juror will not destroy the verdict. The rule deduced from the cases seems to be that however improper such conduct may have been, yet, if it does not appear that it was occasioned by the prevailing party, or anyone in his behalf; if it does not indi-

cate any improper bias upon the juror's mind, and the court cannot see that it either had, or might have had, an effect unfavorable to the party moving for a new trial, — the verdict ought not to be set aside. Pettibone v. Phelps, 13 Conn. 445, 35 Am. Dec. 88, and cases there cited.

That the juror acted very improperly, there can be no doubt, but whether, for this misconduct the verdict should be set aside is altogether a different question. The district court may have very correctly concluded, from the evidence adduced,—of the credibility of which he was to judge,—that the alleged misconduct of the juror which we are now considering, and which occurred during the trial, did not in the slightest degree in any manner interfere with the full and impartial investigation and final determination of the cause.

Proffatt on Jury Trials, § 388, lays down the rule as to expression of opinions by jurors pending the trial, as follows: "It will not, however, in every case be a sufficient ground for setting aside the verdict, unless the expression be such as to unmistakably indicate a previous opinion, irrespective of that derived from the evidence."

In the case of State v. Baughman, 111 Iowa, 72, 82 N. W. 452, the affidavit of one Towne alleged that during the trial a juror stated, in conversation at the former's home, in substance, that he, the juror, was convinced of the defendant's guilt, and that it would require a good deal of evidence to change his mind; and, further, that he understood that defendant's father had been guilty of the same crime, and had run away. Towne claimed to have advised the juror not to talk that way, as evidence might be offered to change his conclusions, and that the juror stated, "It couldn't be done." The court, in refusing to set aside a verdict of guilty, says: "While his conduct is to be condemned, it does not appear to have worked harm to the defendant. Misconduct does not entitle the defeated party to a new trial, unless it may be said to have influenced the result. It may furnish ground for the juror's punishment, but should not necessarily affect the parties to the suit when entirely innocent of wrongdoing. A large discretion in the matter of determining the effect of misconduct of jurors is necessarily lodged in the trial court."

In Jordan v. State, 22 Fla. 528, which was an action for selling intoxicating liquors, one of the jurymen sad: " 'Fisher gained Anthony

Johnson's case yesterday, but I will be damned if he gains this one,' meaning the one then on trial; that said Fisher having been a witness for the said Anthony Johnson on his trial the day before and having also been a witness who had testified on behalf of the defendant on that day." The court refused to set aside a verdict of guilty.

In those cases the statements made by the jurors were much stronger than the statements in the case at bar. The remarks made by the juror to Empting were made to an acquaintance of many years' standing. The juror says they were made in a jocular manner and had no effect whatever on his arriving at a decision of the case. That the case was decided on the evidence as given in court and the law given by the court. True, Empting testified just as positively that the juror was in earnest, and seemed to be considerably excited and agitated when he made the remarks complained of, but Empting evidently did not consider them very serious at the time as he did not communicate them to the defendant in the case at bar, although Empting's trial for a like offense followed the trial in the case at bar, and it is a fair inference that he was in the court room during the trial of the defendant and could have communicated the juror's remarks to defendant or his counsel. Two days after the juror Falconer made the remarks, he was accepted by Empting as a juror in a case in which Empting was defendant, and in which he was charged with a like offense. Considering the juror's affidavit, his examination as to his qualifications as a juror, and his oath as a juryman, the presumption is that he arrived at a verdict on the law and the evidence.

The refusal or denial of a motion for a new trial for alleged misconduct on the part of the jury is, as a general rule, a matter within the discretion of the judge presiding at the trial; and unless it appears that this discretion was abused, or that there has been palpable error, or unless it appears that the trial court refused to review and consider the evidence by which its consideration of the motion should have been guided or controlled, the refusal of the trial judge to grant a new trial will not as a general rule be disturbed on appeal. 12 Enc. Pl. & Pr. pp. 561, 562 and cases cited; State v. McDonald, 16 S. D. 78, 91 N. W. 447; State v. Andre, 14 S. D. 215, 84 N. W. 783; Pettibone v. Phelps, 13 Conn. 445, 35 Am. Dec. 88; State v. Allen, 89 Iowa, 51, 56 N. W. 261; State v. Beasley, 84 Iowa, 83, 50 N. W. 570;

Perry v. Cottingham, 63 Iowa, 41, 18 N.W. 680; State v. Salverson, 87 Minn. 41, 91 N. W. 1,12 Am. Crim. Rep. 644; People v. Johnson, 110 N. Y. 134, 17 N. E. 684; State v. Cucuel, 31 N. J. L. 249; State v. Taylor, 134 Mo. 109, 35 S. W. 92; State v. Howard, 118 Mo. 136, 24 S.W. 41.

In State v. McDonald, 16 S. D. 78, 91 N. W. 447, the court says: "Upon a careful examination of the affidavits, we are unable to say that the trial court erred in refusing the motion for a new trial upon the ground stated. The question was largely in the sound judicial discretion of the trial court, and, this court being unable to say that there was an abuse of such discretion, the ruling of the court should not be disturbed."

In State v. Andre, 14 S. D. 215, 84 N. W. 783, the court says: "A motion for a new trial for alleged misconduct of the jury, or any other ground specified by statute, being addressed to the sound discretion of the trial judge, whose superior knowledge of all the facts and circumstances enables him to know the requirements of justice, a reviewing court will never interfere, unless an abuse of such discretion affirmatively appears."

In Perry v. Cottingham, 63 Iowa, 41, 18 N. W. 680, where the trial court granted a new trial on the ground of misconduct of one of the jurors, the court says: "The question whether the verdict ought to be set aside in any case, on this or similar grounds, is left very largely to the sound discretion of the trial court. The judge who tries the case is necessarily in a much better position to determine whether the substantial rights of the parties have been affected by the misconduct complained of than we can be; and when he has determined that justice and the proper administration of the law demand that there should be another trial of the cause, it should be made to appear very clearly that there has been an abuse of discretion, before we would be warranted in setting aside his order."

In the case of People v. Johnson, 110 N. Y. 134, 17 N. E. 684, which was an appeal from a judgment of the general term of the supreme court, affirming a judgment of conviction of murder in the first degree, one of the grounds mentioned for a new trial was the misconduct of the jury. The court says: "In such cases the trial court is authorized to grant a new trial provided they can see that the 'sub-

stantial rights' of the defendant have been prejudiced, and not otherwise."

In State v. Taylor, 134 Mo. 109, 35 S. W. 92, the court says: "Relative to the alleged separation of the jurors and other alleged misconduct, the previous forming and expressing of opinions by several of them, it is enough to say that the whole matter of this paragraph was examined by the lower court upon affidavits pro and con, and that court having ruled that the verdict should stand, we will not interfere with such ruling unless upon grounds the most clear and reasons the most manifest."

After a careful review of the record, we cannot say that the trial court abused its discretion in denying defendant's motion for a new trial.

The order appealed from is affirmed. All concur.