P. D. WIGHTMAN, Appellant, v. BUTLER COUNTY, Appellee.

83 691
92 213
83 691
93 91
83 691
105 379

1. **Appeal from Order Granting New Trial: RECORD: REVIEW.** Where upon appeal from an order granting a new trial the record does not disclose upon which of the several grounds stated in the motion therefor the order was based, the supreme court will affirm the action of the trial court, if, as to any one of said grounds, error does not affirmatively appear.

2. ———: CONFLICT OF EVIDENCE. Where in support of a motion for new trial, upon the ground of the misconduct of one of the jury, an affidavit was filed to certain facts, which, if true, warranted the granting of a new trial, and the juryman in question made an affidavit specifically denying the charges made, *held*, that the evidence being conflicting, the finding of the trial court was conclusive.

*Appeal from Floyd District Court.*—HON. J. W. RUDDICK, Judge.

MONDAY, OCTOBER 26, 1891.

ACTION for personal injuries resulting from the negligence of the defendant county to properly maintain a bridge on one of its highways. There was a verdict for the plaintiff, which the court, on motion of the defendant, set aside, and granted a new trial. From the action of the court granting the new trial the plaintiff appeals.—*Affirmed.*

*Gibson & Dawson* and *Ellis & Ellis*, for appellant.

*P. W. Burr, O. B. Courtright*, and *F. Lingenfelder*, for appellee.

GRANGER, J.—I. The motion for a new trial was based on assignments that the verdict was contrary to the instructions given; that it was not sustained by the evidence; that the court erred in refusing and admitting evidence, in giving and refusing instructions; and of the misconduct of one of the jurors during the trial. Upon what one or more of these assignments the court based its ruling the record does not inform us. The court merely "sustained said motion, and set aside the verdict of the jury." We can only disturb the action of the court upon an affirmative showing of its error. Its ruling being general, if there is one ground of the motion as to which error does not affirmatively appear, its action must be sustained, for it may have been on that ground that it sustained the motion. The appellant's counsel, with a view evidently to meet the emergency, have discussed the several grounds of the motion for a new trial in the light of the record, urging that it is manifest therefrom that the court in granting the

*1. APPEAL from order granting new trial: record: review.*

motion exceeded its discretionary power.   A considera-
tion of one of the grounds of the motion will be suffi-
cient for a proper determination of the case here.

II.   The affidavit of one E. P. Fox was filed in
support of the motion for a new trial, in which it
2. ——: conflict of appears that during the progress of the
evidence.      trial, and while the court had adjourned
for dinner, he entered a billiard saloon, and the
only person there was one of the jurors, whom he
then did not know, but supposed him to be the
proprietor of the saloon; that he there entered into a
discussion with him as to the merits of the case on
trial; that, after they had "discussed and argued the
merits of the case," the juror informed him who he
was; "that he had made up his mind how he should
decide it, and that the lawyers could not change him;"
but it further appears that at that time the evidence
for the defense had not closed, and no part of the
rebutting evidence had been introduced.   In resistance
of the motion the affidavit of the juror was filed, in
which it is stated that the statements in the affidavit of
Fox, in so far as they relate to a talk or conversation
with him, are "wholly false;" that he had no talk
whatever with Fox in the billiard hall, and never dis-
cussed or argued the merits of the case with him, and
never told him he had made up his mind how he should
decide the case, or that the lawyers could not change
him.   These affidavits constitute all the evidence for
and against the motion.   It is not urged to us but that,
if the statements in the affidavits of Fox are true, the
district court could properly grant a new trial for that
reason; but it is urged that the court could not "reason-
ably so hold."   The evidence is clearly conflicting.
The juror surely had as strong motives to falsify as did
the witness Fox.   There is no rule in such a case in a
law proceeding upon which we can determine the facts
against the findings by the district court.   If the ruling

of the court below was upon this ground of the motion, which we may assume in support of its judgment, there is no theory of the law upon which we can or should disturb its action. The evidence is such that its findings of fact for either party under the issue would conclude us.

With this view, error does not affirmatively appear, and the order of the district court must be AFFIRMED.