H. N. MOORE & COMPANY v. J. S. HORTON, E. S. FURGUSON AND T. J. BAKER, Appellants.

**Appeal:** GRANTING OF NEW TRIAL. An order granting new trial will not be set aside on appeal, unless it affirmatively appears that the discretion of the court has been abused.

SAME. Where the special finding, of the jury sustain the defenses pleaded by defendant, a motion for a new trial by plaintiff should be refused.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, MAY 12, 1898.

ACTION to recover judgment in the sum of two thousand, nine hundred and twenty-five dollars and sixty-nine cents, with interest and attorney's fees, upon a promissory note executed by the defendants to the plaintiff. The defendants each admitted the execution of said note. The defendants J. S. and Alice Horton, answering for themselves, allege that said note is

usurious, and, by way of counterclaim, state a cause of action for wrongful and malicious suing out of the attachment issued in this action against their property. They allege that about the time of the levy of said writ they had an opportunity to sell the land upon which it was levied to a purchaser, who was ready, able, and willing to purchase the same, and that they were prevented from selling said land by reason of the levy of said writ of attachment; that the land has depreciated in value since said levy in the sum of one thousand, five hundred dollars, which amount they ask to recover as actual damages, and for three thousand dollars as exemplary damages.    The defendant Furgason, answering separately, makes the same allegations with reference to usury as the defendants Horton, and, as a further defense, alleges that his signature to said note was procured by fraud and concealment, in that the plaintiff represented to him that the note sued on settled all of J. S. Horton's indebtedness to plaintiff, when in fact he knew that Horton was indebted to plaintiff over one thousand dollars upon another note, on which this defendant was surety.    Defendant Baker, answering separately, makes the same allegations with reference to usury as the defendants Horton, and, as a further defense, says that his signature to said note was secured by fraud and concealment, in that it was represented to him that the note sued on settled all J. S. Horton's indebtedness to plaintiff, when in fact there remained an additional indebtedness of over one thousand dollars. He also alleges that plaintiff fraudulently concealed from him that J. S. Horton was in default as school treasurer, and that the amount procured by the note sued on was to cover the amount or part thereof for which he was in default.    Plaintiff, in reply to the answer of the Hortons, admitted the issuance and levy of the writ of attachment, but denied that the same

was wrongfully or maliciously issued, or that said defendants were damaged thereby, and alleged that he acted upon advice of counsel in suing out said attachment. The case was tried to a jury, and the following special findings returned: "Did the plaintiff and J. S. Horton agree that Horton should pay a higher rate of interest than eight per cent. per annum on the two thousand, eight hundred dollars covered by the note sued on, for the four months from October 5, 1894, to the maturity of said note? Answer. No. Did J. S. Horton in fact pay, himself, as interest on the note sued on, prior to its maturity, more than seventy-four dollars and sixty-sevn cents, as interest; and, if so, how much did said Horton in fact pay plaintiff as interest thereon for such time? Answer. No. Was the writ of attachment sued out maliciously; and, if so, what amount, if any, do you allow the defendants J. S. and Alice Horton as exemplary damages on their counterclaim? Answer. Yes; six hundred dollars ($600). Was the defendant Furgason induced by fraudulent representation of the plaintiff to sign the note sued on as surety? Answer. No. Was the defendant Baker induced to sign the note sued on, as surety, by the plaintiff fraudulently concealing from said Baker the matters as alleged by him? Answer. Yes. Samuel Krummann, Jr., Foreman." Plaintiff filed a motion in arrest of judgment, and for a new trial, upon seventeen separate grounds stated in the motion. This motion was sustained, and from that ruling the defendants appeal. *Reversed* as to defendant Baker, and *affirmed* as to the others.

*Wright, Call & Hubbard, George W. Argo* and *T. F. Bevington* for appellants.

*Marsh & Henderson* for appellees.

Given, J.—This court has many times, and uniformly, held that the granting of a new trial rests largely in the discretion of the trial court; that ordinarily that court has better opportunity to pass upon the questions involved in a motion for new trial than the appellate court, and that, therefore, the appellate court is more reluctant to disturb an order granting the new trial, than when refusing it; that while this is a legal and not an arbitrary discretion, yet an order granting or refusing a new trial will not be set aside by the appellate court unless it be shown affirmatively that the discretion has been abused. Plaintiff's motion for a new trial was sustained generally, and therefore, if any one of said grounds is sufficient to warrant the ruling, the action of the court must be sustained. *Wightman v. Butler County*, 83 Iowa, 691. We think that, except as to defendant Baker, the motion might well have been sustained upon either of several grounds stated therein, and especially upon the ground that the damages allowed on the counterclaim are excessive. The special finding as to the defendant Baker fully sustains the defenses pleaded by him, and therefore, as to him, no new trial should have been granted. For this reason the judgment granting a new trial as to defendant Baker is reversed, and as to the other parties to the action it is AFFIRMED.