[No. 3074. Decided January 19, 1899.]

## THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM WEBB, *Appellant*.

CRIMINAL LAW—REVIEW ON APPEAL—NEW TRIAL—MISCONDUCT OF JURY—NEWLY-DISCOVERED EVIDENCE—SURPRISE—VARIANCE.

Where only a portion of the evidence is brought up on appeal, the presumption on the record is that the evidence was sufficient to justify the verdict.

The court is warranted in denying a new trial on the ground of the misconduct of the jury when the showing of misconduct is contradicted by the members of the jury.

The discretion of the trial court in refusing a new trial on the ground of newly discovered evidence will not be disturbed, when the affidavits for the motion are met by counter affidavits.

A case of surprise, sufficient to warrant a new trial, because the evidence at the trial did not correspond to that on the preliminary examination before a justice of the peace, is not established, when it appears that the witnesses before the justice, the justice himself and one of defendant's counsel, who was present at the preliminary examination, were all present at the trial.

Inasmuch as the distinction between principals in the first and second degree and accessories before the fact has been abolished by statute in this state, it is no variance for an information to charge defendant as a principal and for the evidence to show that he was guilty in the second degree or as an accessory before the fact.

Appeal from Superior Court, Stevens County.—Hon. CHARLES H. NEAL, Judge.    Affirmed.

*Stayt & Rochford,* for appellant.

*H. G. Kirkpatrick,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

REAVIS, J.—Appellant was charged by information with robbery, and, by a jury, found guilty as charged. Only the testimony of the prosecuting witness has been brought here in the statement of facts, although it is stated that a number of other witnesses testified upon the trial. It may be proper to observe that the presumption on the record is that the evidence was sufficient to justify the verdict, and, there being no objection to the evidence introduced, there can be no error predicated upon the nature of the evidence or its sufficiency.    The assignments of error relating to the instructions given by the superior court have been carefully examined, and the instructions, taken together, fairly stated the law of the case as founded upon the evidence brought here.    And so with the refusal of the instructions tendered by the defendant.    They were nearly all covered by the instructions framed by the court.

Appellant also assigns error in the refusal to grant the motion for a new trial.    The court was fully justified in disregarding the affidavit of McDonald as to statements made by two of the jurors, showing misconduct on the part of the jury.    A stipulation shows that it was contradicted by the members of the jury.    Neither will the discretion of the superior court be disturbed in its refusal to grant a new trial on newly discovered evidence as shown by the affidavits filed by defendant, as those were met by counter affidavits.

We do not think a case of surprise, because the evidence was not the same at the trial as it was at the preliminary

examination, is made out.   It appears that the same witnesses who testified at the preliminary examination were present and testified at the trial of the case, and that the justice of the peace before whom the preliminary examination was held was present also, and that one of the counsel for defendant, who was present at the preliminary examination, was also present at the trial of the cause.

Defendant also urges that the information charges the defendant with the crime of robbery as a principal, and that the evidence of the prosecuting witness shows that the defendant could only be guilty of that of principal of the second degree.   It is a sufficient answer to this contention to state that the distinction between accessories and principals in the first and second degree is abolished.   Bal. Code, § 6782 (2 Hill's Code, § 1189).   And there was no material variation between the information and the proof. Defendant was charged as principal and was convicted as such.

On the record here, the judgment is affirmed.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.