# STATE OF NORTH DAKOTA v. IRA CRAY.

### (153 N. W. 425.)

**Jury — finding of — question of fact — binding on appellate court — substantial evidence.**

1. The finding of jury on a disputed question of fact is binding upon the appellate court, if there is any substantial competent evidence to sustain such finding.

**New trial — motion for — jury — misconduct of — ground for motion — discretion of court — abuse of.**

2. A motion for a new trial on the ground of misconduct of a juror is addressed largely to the sound judicial discretion of the trial court, and the appellate court will not interfere unless it is shown that such discretion has been abused.

**New trial — motion for — newly discovered evidence.**

3. This rule also applies to a motion for a new trial on the ground of newly discovered evidence.

**Discretion of trial court — abuse of — new trial — verdict — evidence.**

4. In the instant case it is *held* that this court cannot say that the court abused its discretion in denying a new trial. It is also *held* that the evidence is sufficient to sustain the verdict.

Opinion filed April 29, 1915. Rehearing denied June 7, 1915.

Appeal from the District Court of Williams County, *Fisk,* J.

Ira Cray was convicted of the crime of grand larceny, and appeals. Affirmed.

*Middaugh, Cuthbert, Smythe, & Hunt,* for appellant.

The court erred in permitting rebuttal examination of the witness Borth to cover matters already testified to in the state's case in chief. Moseley v. Com. 24 Ky. L. Rep. 1811, 72 N. W. 344; People v. Hillhouse, 80 Mich. 584, 45 N. E. 484; People v. Quick, 58 Mich. 32, 25 N. W. 302; Reddick v. State, 72 Miss. 1008, 16 So. 490; State v. Hunsaker, 16 Or. 497, 19 Pac. 605; United States v. Gardiner, 2 Hayw. & H. 89, Fed. Cas. No. 15,186a; Jones, Ev. 2d ed. § 137.

Methods of examining a witness, not for impeachment, but for the

sole and apparent purpose of prejudicing him in the eyes of the jury, are wholly improper and should be condemned. McDonald v. Jacobs, 77 Ala. 524; Grubey v. National Bank, 35 Ill. App. 354; Tijerina v. State, 45 Tex. Crim. Rep. 182, 74 S. W. 913; Jones, Ev. 2d ed. § 137.

No foundation was laid for the introduction in evidence of the tickets for flaxseed from the elevator, and same was wholly improper and prejudicial. Jones, Ev. 2d ed. § 843; People v. Mather, 4 Wend. 229, 21 Am. Dec. 122; People v. Graham, 21 Cal. 261; People v. O'Brien, 96 Mich. 630, 56 N. W. 72; People v. Fong Ah Sing, 70 Cal. 8, 11 Pac. 323.

Where a general subject is entered upon in an examination in chief, the cross-examining counsel may ask any relevant question on the general subject, and is not bound to follow the line of examination pursued by the other counsel. Jones, Ev. 2d ed. § 824; Vogel v. Harris, 112 Ind. 494, 14 N. E. 385; Pye v. Bakke, 54 Minn. 107, 55 N. W. 904; Hay v. Reid, 85 Mich. 296, 48 N. W. 507; Leo Austrian & Co. v. Springer, 94 Mich. 343, 34 Am. St. Rep. 350, 54 N. W. 50; Davis v. Hays, 89 Ala. 563, 8 So. 131; Sayres v. Allen, 25 Or. 211, 35 Pac. 254.

It is the general rule of law that greater latitude is allowed on motion for a new trial on the evidence in criminal than in civil cases. Summerour v. State, 112 Ga. 19, 37 S. E. 98; Williams v. State, 85 Ga. 535, 11 S. E. 859; State v. Jones, 2 Bay, 520; Gibbons v. People, 23 Ill. 518.

Where evidence against the accused is wholly circumstantial, each essential circumstance in the chain or series of circumstances relied upon to establish guilt must be independently proved to a moral certainty or beyond a reasonable doubt, that is, to the same degree of certainty as the main fact. People v. Carson, 155 Cal. 164, 99 Pac. 970; People v. Weber, 149 Cal. 325, 86 Pac. 671; State v. Dinneen, 7 Pen. (Del.) 505, 76 Atl. 623; Kennedy v. State, 31 Fla. 428, 12 So. 858; Sumner v. State, 5 Blackf. 579, 36 Am. Dec. 561; Dunn v. State, 166 Ind. 694, 78 N. E. 198; Com. v. Webster, 5 Cush. 298, 52 Am. Dec. 711; People v. Vanderpool, 1 Mich. N. P. 264; People v. Aikin, 66 Mich. 460, 11 Am. St. Rep. 512, 33 N. W. 821, 7 Am. Crim. Rep. 345.

It is erroneous to instruct that it is sufficient that, after taking all the testimony together, the jury are satisfied beyond a reasonable doubt of guilt. Walbridge v. State, 13 Neb. 237, 13 N. W. 209; Bradshaw v. State, 17 Neb. 147, 22 N. W. 361, 5 Am. Crim. Rep. 499; State v. Maher, 25 Nev. 465, 62 Pac. 236; People v. Lustig, 206 N. Y. 162, 99 N. E. 183; State v. Messimer, 75 N. C. 385; State v. Snell, 2 Ohio N. P. 55, 5 Ohio S. & C. P. Dec. 670; Dossett v. United States, 3 Okla. 591, 41 Pac. 608; State v. Glass, 5 Or. 73; State v. Aughtry, 49 S. C. 285, 26 S. E. 619, 884, 27 S. E. 199; Lawless v. State, 4 Lea, 173; Black v. State, 1 Tex. App. 368; Hampton v. State, 1 Tex. App. 652; State v. Flanagan, 26 W. Va. 116; State v. Sheppard, 49 W. Va. 582, 39 S. E. 676; Kollock v. State, 88 Wis. 663, 60 N. W. 817; Buel v. State, 104 Wis. 132, 80 N. W. 78, 15 Am. Crim. Rep. 175.

Where a juror has made statements outside the jury room concerning the case or evidence offered therein, indicating a fixed opinion unfavorable to the losing party, or illwill toward him, it is ground for a new trial. Tomlinson v. Derby, 41 Conn. 268; Blalock v. Phillips, 38 Ga. 216; Jewsbury v. Sperry, 85 Ill. 56; Chicago City R. Co. v. Brecher, 112 Ill. App. 106; Wightman v. Butler County, 83 Iowa, 691, 49 N. W. 1041; Albin Co. v. Demorest Mfg. Co. 22 Ky. L. Rep. 245, 56 S. W. 982; Nesmith v. Clinton F. Ins. Co. 8 Abb. Pr. 141; Mix v. North American Co. 209 Pa. 636, 59 Atl. 272; Ewers v. National Imp. Co. 63 Fed. 562; Pool v. Chicago, B. & Q. R. Co. 6 Fed. 844; Allum v. Boultbee, 2 C. L. R. 1072, 9 Exch. 738, 23 L. J. Exch. N. S. 208, 18 Jur. 406, 2 Week. Rep. 459; Svenson v. Chicago G. W. R. Co. 68 Minn. 14, 70 N. W. 795, 2 Am. Neg. Rep. 183; State v. Robidou, 20 N. D. 518, 128 N. W. 1124, Ann. Cas. 1912D, 1015; Pettibone v. Phelps, 13 Conn. 445, 35 Am. Dec. 88 and cases therein cited.

A new trial will be granted on the ground of newly discovered evidence only where the latter is of such a character as will probably change the result of the former trial. Hcyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Spelling, New Trials, § 221; 29 Cyc. 886; State v. DeMarias, 27 S. D. 303, 130 N. W. 782, Ann. Cas. 1913D, 154.

Evidence is not necessarily cumulative because along the same line

of that given on the former trial. It may be as to a dissimilar fact. It may bring to life some new and independent truth. Grogan v. Chesapeake & O. R. Co. 39 W. Va. 415, 19 S. E. 563; Cooper v. Ellis, 3 Ind. App. 142, 29 N. E. 444; Anderson v. State, 43 Conn. 514, 21 Am. Rep. 669; Waller v. Graves, 20 Conn. 305; Layman v. Minneapolis Street R. Co. 66 Minn. 452, 69 N. W. 329; Goldsworthy v. Linden, 75 Wis. 24, 43 N. W. 656; Dale v. Street, 88 Ga. 552, 15 S. E. 287; Able v. Frazier, 43 Iowa, 175; Fellows v. State, 114 Ga. 233, 39 S. E. 885; Gray v. Harrison, 1 Nev. 502.

New trials are frequently granted on such ground, even though the new evidence is cumulative. Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254; Holmes v. Clark, 54 Ga. 303; Hupp v. McInturf, 4 Ill. App. 449; Schlencker v. Risley, 4 Ill. 483, 38 Am. Dec. 100; Cleslie v. Frerichs, 95 Iowa, 83, 63 N. W. 581; White v. Nafus, 84 Iowa, 350, 51 N. W. 5; Butts v. Christy, 23 Ky. L. Rep. 2355, 67 S. W. 377; Mercer v. King, 19 Ky. L. Rep. 781, 42 S. W. 106; Berberich v. Louisville Bridge Co. 20 Ky. L. Rep. 467, 46 S. W. 691; Adams Oil Co. v. Stout, 19 Ky. L. Rep. 758, 41 S. W. 563; Parsons v. Lewiston, B. & B. Street R. Co. 96 Me. 503, 52 Atl. 1006, 12 Am. Neg. Rep. 38; Keet v. Mason, 167 Mass. 154, 45 N. E. 81; St. Paul Harvester Co. v. Faulhaber, 77 Neb. 477, 109 N. W. 762; German Nat. Bank v. Edwards, 63 Neb. 604, 88 N. W. 657; Wall v. Trainor, 16 Nev. 131; Hess v. Sloane, 47 App. Div. 585, 62 N. Y. Supp. 666; Kring v. New York C. & H. R. R. Co. 45 App. Div. 373, 60 N. Y. Supp. 1114; Keister v. Rankin, 34 App. Div. 288, 54 N. Y. Supp. 274 (reversing 29 App. Div. 539, 51 N. Y. Supp. 634); Vollkommer v. Nassau Electric R. Co. 23 App. Div. 88, 48 N. Y. Supp. 372; Durant v. Philpot, 16 S. C. 116; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 579; Halliday v. Lambright, 29 Tex. Civ. App. 226, 68 S. W. 712; Gilman v. Nichols, 42 Vt. 313; Hurd v. Barber, Brayton (Vt.) 170.

*C. C. Converse,* State's Attorney, and *M. V. Boddy,* Asst. State's Attorney, for respondent.

It is sufficient if, taking the testimony all together, the jury is satisfied beyond a reasonable doubt that the state has proven each material fact charged, and that the defendant is guilty. Bradshaw v. State, 17 Neb. 147, 22 N. W. 361, 5 Am. Crim. Rep. 499; State v. Glass,

5 Or. 73; Wightman v. Butler County, 83 Iowa, 691, 49 N. W. 1014.

The granting or refusing of a motion for a new trial on the ground of misconduct of the jury, or of a juror, is largely in the discretion of the trial court, and its action will not be disturbed unless there clearly appear an abuse of discretion. State v. McDonald, 16 S. D. 78, 91 N. W. 447; State v. Baughman, 111 Iowa, 71, 82 N. W. 452; 8 Enc. Ev. 975; Fuller v. Fletcher, 44 Fed. 34; State v. Gay, 18 Mont. 51, 44 Pac. 411; State v. Webb, 20 Wash. 500, 55 Pac. 935; People v. Hunt, 59 Cal. 430; State v. Allen, 89 Iowa, 49, 56 N. W. 261; Grottkau v. State, 70 Wis. 462, 36 N. W. 31.

The rule above stated also applies in connection with the action of the trial court on such motion on the ground of newly discovered evidence. The appellate court will not, as a rule, interfere with the action of the lower court, and especially where the newly discovered evidence appears to be wholly cumulative or impeaching in its character. State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Brandner, 21 N. D. 310, 130 N. W. 941; State v. Reilly, 25 N. D. 339, 141 N. W. 720; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Barrett v. Third Ave. R. Co. 45 N. Y. 628; Hayne, New Trial & App. § 8; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Baker v. Joseph, 16 Cal. 173; Arnold v. Skaggs, 35 Cal. 684; Nelson v. Carlson, 54 Minn. 94, 55 N. W. 821.

It is largely a matter of judicial discretion in any event. Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254; White v. Nafus, 84 Iowa, 350, 51 N. W. 5; Layman v. Minneapolis Street R. Co. 66 Minn. 452, 69 N. W. 329; Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577; State v. Madigan, 66 Minn. 10, 58 N. W. 179; Re McClellan, 21 S. D. 209, 111 N. W. 540, 37 Century Dig. Columns 1113 to 1150; 29 Cyc. 799; Nicholsin v. Metcalf, 31 Mont. 276, 78 Pac. 483; Scott v. Chambers, — Mich. —, 29 N. W. 94; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Grace v. McArthur, 76 Wis. 641, 45 N. W. 518; Taylor v. California Stage Co. 6 Cal. 229; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419; Gran v. Houston, 45 Neb. 813, 64 N. W. 245; Wherry v. Duluth, M. & N. R. Co. 64 Minn. 415, 67 N. W. 223, 12 Am. Neg. Cas. 163; Hoffine v. Ewing, 60 Neb. 729, 84 N. W. 93.

CHRISTIANSON, J. The defendant was convicted in the district court of Williams county, upon a charge of venue from McKenzie county, of the crime of grant larceny, and sentenced to imprisonment in the state's penitentiary for the term of two years. Thereafter a motion for new trial was made and denied; and this appeal is taken from the judgment and the order denying a new trial.

There are 153 assignments of error, but 148 of these relate to rulings on the admission or rejection of evidence, and are grouped by appellant under five separate classes, viz., (1) Incompetent, argumentative, and improper rebuttal; (2) irrelevant and immaterial; (3) leading, suggestive, and calling for a conclusion of the witness; (4) assumption of a statement of facts and no foundation; (5) improper restrictions on cross-examination. It will be observed that the objections indicate that the rulings challenged related to matters largely within the discretion of the trial court. We have carefully examined every one of the assignments, and are unable to find any instance wherein the ruling of the trial court constituted prejudicial error. In fact, on the oral argument, it was virtually conceded by appellant's counsel that the rulings of the trial court upon the admission or rejection of evidence would not in themselves entitle defendant to a new trial, but appellant's counsel contended that these matters, when considered with the other matters urged in support of the motion for a new trial, would require that a new trial be granted. The remaining six assignments are based upon the insufficiency of the evidence to sustain the verdict; the alleged misconduct of a juror named Turner; and newly discovered evidence. These are the only assignments of error worthy of any serious consideration.

The testimony shows that on December 31st, 1912, one Elbert Payne was the owner of about 397 bushels of flax stored in a shack situated about 20 miles from the town of Riverview, and only a short distance from where the defendant and his brother owned and farmed certain lands in McKenzie county in this state. In the morning of December 31, 1912, a son of one Clark had occasion to go to the shack in question to look for a certain knife which had been left there at some previous time, and when there he observed that the roof of the shack had been broken open and some flax taken out of the shack. He forthwith notified his father and also Mr. Payne, the owner of the flax,

with the result that these parties and another neighbor went up to the shack in question and found that the roof had been broken open and some of the flax removed; they also found a wagon trail leading to the shack, and they testified positively that they "back-tracked" this trail to the house of the defendant,—to the very place in the yard where the wagon started that morning. And they further testified that they thereupon tracked the wagon from the shack all the way to the elevator at Riverview, where the flax was delivered. These witnesses for the state claim that they were able to track this wagon on account of a peculiar mark made by the hoof of one of the horses, by reason of the fact that a piece had been broken out of the hoof. It is conceded that these parties reached the elevator at Riverview shortly after the defendant had unloaded his load of flax, and while the defendant was still at the elevator. It is likewise conceded that at that time Payne accused the defendant of stealing the flax. The complaining witness also claims that at that time he called the defendant's attention to the defect in the hoof by means of which it is claimed the defendant was tracked, and in this he is corroborated by other witnesses. The defendant denies this, and says that no reference was made to the defective hoof, and he and his witnesses claim that the horses were shod, and that for that reason the mark claimed to have been made could not possibly have been made. The defendant produced several witnesses who testified that the horses were shod. But, on the other hand, as already stated, three witnesses for the state testified positively that they tracked the horses on the day the flax was stolen, first from the place of the defendant to the shack, and next from the shack to the elevator where the grain was sold. These witnesses testify positively that the horses were not shod on that day, and that they noticed the peculiar mark as already stated, and at the elevator observed that the horses were not shod and noticed the defect in the hoof which caused the mark to be made. There is a square conflict in the testimony as to the condition of the roads on that morning, and the character and quality of the flax. Appellant's counsel, however, contends that the prime question in the case is whether or not the horses were shod on the 31st of December, 1912, and his contention is that upon this question the evidence is insufficient to sustain the verdict. It is true that there is strong evidence on this feature of the

case in favor of the defendant; but on the other hand there were four witnesses for the state who testified positively that they observed the horses on the day in question and that at that time the horses were not shod.

The question of the credibility of the witnesses and the credence to be given to their testimony was a matter for the jury, and its finding, based upon conflicting evidence, is binding upon this court. The only authority this court has is to review the rulings of the trial court to ascertain whether or not the defendant has been afforded a fair trial under the laws of this state. He was entitled to have the issues of fact submitted to a jury, and the finding of the jury upon an issue cannot be set aside, if there is any substantial competent testimony in the record to sustain such finding. And there is ample testimony in this case from which the jury could find that the horses of the defendant were not shod on December 31st, 1912. This is also true of the other issues of fact involved in the action. The jury believed that the witnesses for the state told the truth upon all disputed issues, and that the defendant and his witnesses did not, and by their verdict have said that they were satisfied beyond a reasonable doubt of defendant's guilt. The trial judge, who saw and heard all the witnesses testify, and had an opportunity to observe their demeanor while testifying, has added his approval to the jury's finding by denying a motion for a new trial. The findings of the jury and trial court upon this question are binding on this court.

The charge of misconduct of a juror is based solely upon the affidavit of one Jensen. The material part of the affidavit of Jensen is as follows: "That while he was attending said trial as a spectator, as aforesaid, he became acquainted with one W. C. Turner, who was one of the regular panel of jurors during said term, and who was one of the jurors who returned the verdict finding the defendant above named guilty of the charge of grand larceny. That after he became acquainted with the said juror, Turner, as aforesaid, and while said action was being tried, before the same was closed either by the state or by the defendant, and while the defendant above named was submitting testimony in his behalf, affiant and said Turner were sitting in front of the Great Northern Hotel in said city of Williston, conversing; said Turner aforesaid stated to affiant that the defendant above

named, Ira Cray, and his witnesses, claimed that the roads in the vicinity of where the flax was claimed to have been stolen were frozen and hard; that he, Turner, knew better; that he knew they were dusty, he having done considerable hauling that fall and winter himself. That there was only one question in the case, and that was, 'If the defendant can prove that the horses were shod, if he can satisfy us that the horses were shod and that there wasn't any piece out of the hoof, there wouldn't be anything to the case,' as far as the state was concerned. 'But I believe in my own mind that Cray is guilty, and if it was left to me he would be found guilty.' Affiant further says that the same evening while affiant was passing the Great Northern Hotel, he saw said Turner in conversation with one of the witnesses who appeared for the state, a witness by the name of Unfred, a grain buyer at Riverview, as he testified, and affiant heard said Turner in said conversation use the name of the defendant above named, and knows of his own knowledge that he and the said Unfred were talking concerning the above entitled action; that immediately that said Turner and Unfred saw this affiant they quit talking, Unfred getting up from the seat upon which he and the said Turner had been sitting, and walked away; that affiant then sat down beside said Turner and at said time said Turner informed affiant that Unfred had stated that he was but a witness and didn't care how the case went."

In opposition to the affidavit of Jensen, the state tendered the affidavit of the juror Turner, which is as follows: "That he is a citizen and resident of Williams county, North Dakota, and that he is fifty-four years of age; that his postoffice is Buford, North Dakota, but that his nearest railroad point is Bainville, Sheridan county, Montana. That he was one of the jurors on the regular panel for the June, 1913, term of the district court of Williams county, and was one of the jurors who tried the case of the State against Ira Cray, in which the defendant was charged with the theft of certain flax; that affiant has read a copy of an affidavit of one John H. Jensen, exhibited to him by C. C. Converse, of Schafer, North Dakota, in which said Jensen states that this affiant stated to said Jensen that this affiant knew that the roads in the vicinity where the flax was claimed to have been stolen were not frozen and hard, but that they were dusty, he having done considerable hauling that fall and winter himself; and affiant

now states on his oath that he did not make such statement, nor did he make any statement in substance the same, either to the said Jensen or to anyone else, either at the time and place claimed by Jensen or at any other time or place; that, as a matter of fact, this affiant has never at any time done any hauling on the south side of the Missouri river, nor within 30 or 40 miles of where the flax was stolen, and has no acquaintance in that vicinity, and had not been anywhere in that vicinity during the fall of 1912 nor the winter following, and had no means of knowing the condition of the roads in question in this case except the testimony given by the witnesses; that, with respect to the statement in Jensen's affidavit to the effect that affiant stated to him that 'if the defendant can prove that the horses were shod, if he can satisfy us that the horses were shod and that there wasn't any piece out of the hoof, there wouldn't be anything to the case, as far as the state was concerned,' affiant states that he has no recollection of making such a statement except to other members of the jury in the jury room; that affiant cannot remember, and does not believe, that he made such a statement except to a member of the same jury; that said Jensen is a stranger to the affiant; that affiant has no recollection of meeting him nor of talking to him, nor to anyone else in his presence, and cannot believe that he could have made such a statement as the one set out in this paragraph to a total stranger, as Jensen is; that, with respect to the statement attributed to affiant by Jensen to the effect, 'I believe in my own mind that Cray is guilty, and if it was left to me, he would be found guilty,' affiant now states positively on his oath that he did not make such statement nor any statement of like meaning, neither to Jensen nor to anyone else; that the defendant and all his brothers and the complaining witness and all the witnesses for the state were entire strangers to this affiant at the beginning of the trial, and that affiant undertook and entered upon the duties of a juror in said case with a mind perfectly free from bias of any sort, either for or against the defendant; and that, throughout the trial, his only interest in the case was to perform his duties as a juror fairly and impartially to the best of his ability, and that is what he did."

The question is whether or not the juror Turner was shown to be an unfit person to discharge the duties of a juror in this case. The

defendant was entitled to a fair trial, and this included the right to be tried by twelve fair and impartial jurors. The presumption is that he has had such trial, and that the jury by which he was tried consisted of fit jurors, who properly discharged their duties. The burden is upon the defendant to overcome this presumption, and show that he has been deprived of a fair trial. There is nothing to indicate who Jensen is, or that he is worthy of any more, or as much, credit as Turner. The trial judge had an opportunity to observe not only the witnesses, but the jurors as well. He was entirely familiar with all the various details and incidents in the case, which it is impossible for this court to ascertain. And being possessed of this knowledge,—in addition to that conveyed by the affidavits,—he made a finding adverse to the contentions of appellant. This finding is entitled to great credence by this court, as it related to a matter peculiarly within the knowledge of the trial judge.

It is also well settled that the question of granting or denying a motion for a new trial on the ground of alleged misconduct on the part of a juror is largely within the sound judicial discretion of the trial court, and the appellate court will not interfere unless an abuse of such discretion appears. In State v. Robidou, 20 N. D. 518, 523, 128 N. W. 1124, Ann. Cas. 1912D, 1015, this court said: "The refusal or denial of a motion for a new trial for alleged misconduct on the part of the jury is, as a general rule, a matter within the discretion of the judge presiding at the trial; and unless it appears that this discretion was abused, or that there has been palpable error, or unless it appears that the trial court refused to review and consider the evidence by which its consideration of the motion should have been guided or controlled, the refusal of the trial judge to grant a new trial will not as a general rule be disturbed on appeal. 12 Enc. Pl. & Pr. 561, 562 and cases cited; State v. McDonald, 16 S. D. 78, 91 N. W. 447; State v. Andre, 14 S. D. 215, 84 N. W. 783; Pettibone v. Phelps, 13 Conn. 445, 35 Am. Dec. 88; State v. Allen, 89 Iowa, 51, 56 N. W. 261; State v. Beasley, 84 Iowa, 83, 50 N. W. 570; Perry v. Cottingham, 63 Iowa, 41, 18 N. W. 680; State v. Salverson, 87 Minn. 41, 91 N. W. 1, 12 Am. Crim. Rep. 644; People v. Johnson, 110 N. Y. 134, 17 N. E. 684; State v. Cucuel, 31 N. J. L. 249; State v. Taylor, 134 Mo. 109, 35 S. W. 92; State v. Howard, 118

Mo. 136, 24 S. W. 41. In State v. McDonald, 16 S. D. 78, 91 N. W. 447, the court says: 'Upon a careful examination of the affidavits, we are unable to say that the trial court erred in refusing the motion for a new trial upon the ground stated. The question was largely in the sound judicial discretion of the trial court, and, this court being unable to say that there was an abuse of such discretion, the ruling of the court should not be disturbed.' In State v. Andre, 14 S. D. 215, 84 N. W. 783, the court says: 'A motion for a new trial for alleged misconduct of the jury, or any other ground specified by statute, being addressed to the sound discretion of the trial judge, whose superior knowledge of all the facts and circumstances enables him to know the requirements of justice, a reviewing court will never interfere, unless an abuse of such discretion affirmatively appears.' " See also Wightman v. Butler County, 83 Iowa, 691, 49 N. W. 1041; Svenson v. Chicago G. W. R. Co. 68 Minn. 14, 70 N. W. 795, 2 Am. Neg. Rep. 183; State v. Baughman, 111 Iowa, 71, 82 N. W. 452; State v. Gay, 18 Mont. 51, 44 Pac. 411; State v. Webb, 20 Wash. 500, 55 Pac. 935. We are satisfied that this court cannot say either that the trial court abused its discretion, or that it erred in finding that the juror Turner had not been guilty of such misconduct as would require a new trial.

As already stated, a new trial was also asked on the ground of newly discovered evidence, and several affidavits were offered in support of this ground of the motion. Counter affidavits were offered by the state to show that all of the newly discovered evidence was either known to the defendant at the time of the former trial, or could have been known if he had exercised due diligence. Practically all of the newly discovered evidence is cumulative, and some of it doubtless was known to the defendant at the time of the former trial. Appellant asserts that the rule laid down in Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762, to wit: "A new trial will be granted on the ground of newly discovered evidence only where the latter is of such character as will probably change the result of the former trial,"—should be applied. And he earnestly contends that the alleged newly discovered evidence is of such nature that on a new trial a different result is probable. This was, however, a matter peculiarly within the knowledge of the trial judge, who saw and heard the witnesses, including

the defendant, observed their manner and appearance, and was familiar with the various incidents in the trial of the action.

Appellant also contends that the rule requiring a showing that the newly discovered evidence could not with reasonable diligence have been discovered and produced by the defendant upon the former trial, has been greatly relaxed by the courts,—especially in criminal cases. New trials are granted only in the interest of justice. And the question of whether or not the ends of justice demand a relaxation of the rule in question was also a matter to be determined in the first instance by the trial court; and subject to review in this court only in case of abuse of discretion on part of that court. It may be observed that our law making newly discovered evidence a ground for a new trial in criminal cases reads as follows: ". . . . When new evidence is discovered material to the defense, and which the defendant could not, with reasonable diligence, have discovered and produced at the trial." . . . Comp. Laws 1913, § 10917, subdiv. 7. The fundamental rule applicable to motions for a new trial on the ground of newly discovered evidence is that this is addressed to the sound judicial discretion of the trial court, and that its action thereon is conclusive on this court, unless it appears affirmatively that the discretion vested in the court below has been abused. Heyrock v. McKenzie, supra; State v. Albertson, 20 N. D. 512, 128 N. W. 1122; State v. Brandner, 21 N. D. 310, 130 N. W. 941; State v. Reilly, 25 N. D. 339, 376, 377, 141 N. W. 720; Hayne, New Trial & App. § 8. See also Aylmer v. Adams, 153 N. W. 419.

It was for the trial court to pass upon all questions presented by the motion for new trial, and determine whether the newly discovered evidence was material, and would be likely to produce a different result upon a retrial of the case, and also whether or not defendant could, or could not, by the exercise of reasonable diligence, have produced such evidence upon the former trial. The trial judge answered these questions adversely to the contentions of the appellant, and his finding is conclusive on this court, unless it can be said that in so doing he has abused his discretion. Upon a careful consideration of all the affidavits submitted upon this motion, we are compelled to say that no such abuse is shown. There being no error justifying a reversal of the judgment or the order denying a new trial, they must be affirmed. It is so ordered.

CHRISTIANSON, J. (On Rehearing) A petition for rehearing filed herein ably and earnestly presents that a new trial should be granted on the ground of newly discovered evidence. It is contended that this evidence is of such character that a different result would be probable on a retrial. And exception is taken to that part of the former opinion wherein we said that "this was, however, a matter peculiarly within the knowledge of the trial judge, who saw and heard the witnesses, including the defendant, observed their manner and appearance, and was familiar with the various incidents in the trial of the action." In discussing this matter the petition for rehearing says: "Just how Judge Fisk, sitting as trial judge, is more able to determine the probable result of a trial than any of the members of this learned court, with the same record before them, is beyond our comprehension."

If the rule contended for by appellant's counsel were adopted, it would abolish the fundamental principle applicable to motions of this kind, viz., that they are addressed to the sound judicial discretion of the trial court. The law applicable to motions of this kind has been fully discussed by this court in the case of Aylmer v. Adams, 153 N. W. 419, and we can add nothing to what has been there said. We have before us, it is true, a statement of case, containing the testimony offered, reduced to narrative form, and also the affidavits relative to the newly discovered evidence. But even at that we would be compelled to base our judgment upon "the comparison of one lifeless record with another,—the affidavits with the record of the proceedings on the trial."

The trial judge was entirely differently situated. He had seen and heard the witnesses, and observed their appearance and demeanor, and was familiar with the trial and its various incidents. See Braithwaite v. Aiken, 2 N. D. 57, 63, 49 N. W. 419. When the trial judge considered the alleged newly discovered evidence he was required to weigh it with the evidence received at the trial, and in such consideration the peculiar knowledge received by him during the trial entered into and formed part of the reasons on which his judgment was based, when he held that a new trial should be denied.

In Spelling on New Trial and Appellate Practice, § 221, it is said: "The probability of a different result upon a retrial, often suggested

as a test of the sufficiency in point of materiality and importance of alleged new evidence to warrant a new trial, is merely a guide for the courts in arriving at a conclusion as to whether, with the addition of the new evidence, the result ought to be different." But the duty of deciding the motion rests primarily with the trial court, and the question whether a different result is probable is necessarily included in its decision.

The petition for rehearing is based on the erroneous theory that this court has denied a new trial. The question of whether or not a new trial ought to be granted was primarily a question for the trial court. The function of this court on this appeal is merely to review the ruling of the trial court on this motion, and this review is limited to a determination of the question of whether in denying a new trial the trial court abused its discretion, and thereby effected an injustice. The discretion vested in the trial court should always be exercised in the interests of justice. The presumption is that it was properly exercised. Even if all the newly discovered evidence had been offered at the trial, there would still be ample evidence to sustain the verdict. The trial court, after considering the newly discovered evidence, and weighing the same with the evidence adduced upon the trial, was still of the opinion that substantial justice had been accomplished at the former trial. There is nothing to justify this court in saying that the trial court erred in its conclusion, or abused its discretion in so holding. A rehearing is denied.