# THE STATE OF NORTH DAKOTA, Respondent, v. TIM MULCAHY, Appellant.

### (214 N. W. 43.)

**Criminal law — first degree rape — prosecutrix's testimony admissible.**

1. In a prosecution for statutory rape in the first degree, it is *held:* That the testimony of the prosecutrix, as to certain statements claimed to have been made by the defendant contemporaneously with the criminal act, was properly admitted in evidence.

**Verdict — sustained by evidence.**

> 2. That the trial court did not err in holding the evidence sufficient to sustain the verdict.

Opinion filed June 1, 1927.

Criminal Law, 16 C. J. § 1194 p. 610 n. 21 New.   Rape, 33 Cyc. p. 1491 n. 52.

Appeal from the District Court of McLean County, *Coffey,* J. Affirmed.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

"The rule is settled in this (Neb.) state that in cases of rape unless the testimony of the prosecutrix is corroborated on material points where the accused testifies as a witness on his own behalf, and denies the charge, her testimony alone is not sufficient to warrant a conviction." State v. Klawitter (Neb.) 107 N. W. 121.

Where the law requires the corroboration of a witness, it must be accomplished by other evidence than of the witness, herself.   State v. Mott (Neb.) 119 N. W. 461.

"No evidence is competent which is not of a character to throw light on the issue. . . . Proof of one crime has no tendency to prove the commission of another crime, unless the two are so connected or related that proof of one has direct bearing upon the other, in other words, that such proof tends to show or furnish motive."   State v. Mackey, 31 N. D. 202.

*George F. Shafer,* Attorney General, *R. L. Fraser,* State's Attorney, and *S. L. Nuchols,* Special Assistant State's Attorney, for respondent.

If the jury is satisfied beyond a reasonable doubt of the guilt of the defendant from the testimony alone of the prosecutrix, then they are warranted in returning a verdict of conviction.   State v. Fugita, 20 N. D. 555; State v. Rasch (S. D.) 130 N. W. 91.

CHRISTIANSON, J.   Defendant was convicted of rape in the first degree and sentenced to three years' imprisonment in the state's penitentiary.   He, appeals from the judgment of conviction and asserts that the trial court erred: (1) in permitting the prosecutrix to testify to certain statements which she claims the defendant made to her, and

(2) in denying defendant's motion for a new trial based upon the alleged insufficiency of the evidence to sustain the verdict. These questions will be considered in the order stated.

The information charges that the crime was committed on or about May 25, 1925. The prosecutrix was at that time between fifteen and sixteen years of age and was attending the public schools in the village of Dogden in McLean County in this state. The defendant was about sixty-one years of age and was then, and for some years prior thereto had been, employed as a janitor in the school attended by the prosecutrix. The prosecutrix had attended this school for some eight or nine years in all, during which time she had been living with her parents on a farm about one and a half miles northeast of Dogden. The prosecutrix was delivered of a child on February 27, 1926. She testified positively and unequivocally that the defendant, on May 19th and 22nd, and on June 2, 1925, had sexual intercourse with her; and that she never had had intercourse with any other man. She testified that on the three occasions stated the defendant accosted her while she was walking home from school and had intercourse with her; and that these acts occurred at a place along the road between the school and her home where there was a depression in the ground and where there was some brush and tall grass. In the course of her testimony as to what occurred upon the three occasions, she testified without objection that the first two times the defendant had intercourse with her he cautioned her not to say anything to anyone about the occurrence. She testified that the third time he told her about a girl in Chicago; that he said this girl would come running toward him when she saw him and when nobody was observing them, and that he further stated that he had had sexual intercourse with this girl. This testimony was admitted over the objection that it was "incompetent, irrelevant, immaterial and prejudicial," and the ruling is assigned as error. In our opinion no error was committed in admitting this evidence. It was not offered or admitted for the purpose of proving a disposition or inclination on the part of the defendant to commit the offense under consideration. According to the testimony of the prosecutrix the statements of the defendant were made contemporaneously with the commission of the criminal act. According to her testimony she was not a particularly willing participant in the illicit relations. The defend-

ant made these statements when he was about to carry out his criminal purpose, apparently with the end in view of quieting any opposition the prosecutrix might be inclined to offer. The statements were made while the defendant was engaged in the criminal conduct which is the basis of the charge against him in this action.

(2) It is next contended that the evidence is insufficient to sustain the verdict. It is asserted that the testimony of the prosecutrix is of such character as to be unworthy of belief. This assertion seems to be based largely upon the fact (1) that the prosecutrix in the first instance did not accuse the defendant of being the father of her child but claimed that some man unknown to her whom she met on her way home from school was the father; and (2) that the prosecutrix in effect admitted that she expected to obtain some money or property from the defendant on account of the charge against him.

The prosecutrix freely admitted that up to the time the child was born, and for some time thereafter, she made no charge against the defendant, but told her parents and others that the child was begotten by some man unknown to her whom she met on her way home from school. The prosecutrix, however, testified that this story was untrue and that she told it because she feared if it became known that Mulcahy was the father of her child she would be sent to the reform school. She further testified positively and unequivocally that she never had had sexual intercourse with anyone except with the defendant Mulcahy.

The evidence shows that an action for damages has been brought against the defendant, and the prosecutrix testified regarding conversations had between her and her parents in which reference was made to such action and the possibility of recovery of damages against the defendant. The attorney who brought the action was sworn and testified as a witness in the case. In this testimony reference was made to a conversation between such attorney and the defendant. The defendant became a witness in his own behalf, and denied all illicit relations with the prosecutrix. He, also, testified fully as to the action for damages and to the conversation with the attorney for the plaintiff, wherein such attorney sought to obtain a settlement of the matter. The record shows that this phase of the case was stressed by defendant's counsel upon the trial, and the jury could not have failed to understand that the defendant claimed not only that the charge against

him was false but that the prosecutrix and her parents caused this false charge to be made for the purpose of obtaining money or property from the defendant. In view of the entire record and the court's instructions to the jury, the correctness of which is not challenged, the jury could not have failed to consider all these matters in weighing the evidence and arriving at their verdict. We do not believe that the case is one where the story of the prosecutrix is of such character that it should, or must of necessity, be rejected by reasonable men. In disposing of the contention that the evidence was insufficient to sustain the verdict, the trial court, in a memorandum opinion filed upon the denial of the motion for a new trial, said:

"Is the evidence sufficient to support the verdict?

"In order to understand the situation surrounding the trial, I wish to make this statement: The jury which was empanelled and which tried this case and rendered the verdict, was of a very high order. They gave to this case in its every detail careful attention, with the apparent purpose of trying to find a true verdict. Nothing of a prejudicial nature was injected into the case one way or the other. I could see nothing that would bias the mind of any juror.

"During the cross-examination, counsel for the defendant has seen fit to ask the prosecuting witness a number of questions with reference to her acquaintance with and conduct with a number of boys and men. I watched this examination as to these matters very closely, and in my opinion there never had been any intimacy of any character between any of these various boys and the prosecuting witness. The examination only raised a little dust; but was not sufficient in volume to becloud the vision and judgment of the jury. I am satisfied that the cross-examination in this respect raised no reasonable doubt, nor did it have a tendency to raise a reasonable doubt in the mind of any juror. It was not of a character which should have done so. The jury evidently disregarded such insinuations as might have been raised by that examination, and justly so. There was nothing in my judgment in any manner whatever connecting the prosecuting witness with any man except the defendant.

"The only question in this case, according to my judgment, is: Is the evidence in the record sufficient upon which to base a conviction? The rule is clear and well understood as to the weight of the evidence

required, reasonable doubt, etc. It is clear that some man had sexual intercourse with the girl. She claims and asserts unequivocally that it was the defendant; and that no other person at any time has had intercourse with her. She was a school girl, and the defendant was in a position to get acquainted with her. She was accustomed to walk home into the country, and in doing so crossed a small ravine or depression, out of sight and away from public travel. It was at this point, she says, she was overtaken by the defendant, tripped and thrown to the ground, etc. She says this occurred in a similar manner upon three occasions. The manner of the commission of the act of sexual intercourse is challenged by the defendant upon this motion; and that to my judgment is the only question in the case. The girl was a diffident person, gave her testimony hesitatingly, and was very much abashed. This is her story of the transaction. If she had set out to make up a story out of the whole cloth it would have been very easy to have made a more plausible one than she has here told.

"The testimony of Mr. Hugh H. McCulloch, attorney at law at Washburn, North Dakota, it seems to me has an important bearing on this case. Mr. McCulloch had been retained to bring a civil action for damages against the defendant, and sought and had an interview with the defendant looking toward a settlement of the civil action. And in that interview with Mr. McCulloch it seems to me the defendant has practically admitted the act. He says he was not the only one who had had sexual intercourse with the girl or words to that effect. That was the purport of his testimony. Mr. McCulloch is a man of reliability, and I place great confidence in his statement of what took place. The defendant's counsel has attacked Mr. McCulloch's testimony rather severely, and has challenged its weight and truthfulness evidently feeling that if it was believed that it was very damaging to the defendant's position in this case. It was for the jury to determine the weight and credibility of the testimony of Mr. McCulloch.

"I can see nothing in this case to discredit the judgment of the jury. . . . The testimony in this case is not sufficient to cast even a suspicion upon any other party. There were no rulings in this case unfavorable to the defendant; and I am satisfied the instructions were favorable to the defendant. By a process of reasoning and elimination

I am satisfied that the verdict of the jury in this action is justified and should stand."

The conclusions thus reached by the trial court are, in our opinion, justified by the record. The question whether a new trial ought to be granted for insufficiency of the evidence was primarily one for the trial court. The function of this court on appeal is merely to review the ruling of the trial court, and to determine whether the ruling was erroneous. State v. Cray, 31 N. D. 67, 153 N. W. 425.

Finding no prejudicial error, it follows that the judgment appealed from must be affirmed. It is so ordered.

BIRDZELL, Ch. J., NUESSLE and BURKE, JJ., and WOLFE, Dist. J., concur.

BURR, J., did not participate; Honorable CHARLES WOLFE, Judge of the Second Judicial District, sitting in his stead.